UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-01955-HDV-PD                           Date: December 19, 2023

Title     *Jeff Macy, et al. v. San Bernadino County Code Enforcement, et al.*

Present: The Honorable:      Patricia Donahue, U.S. Magistrate Judge

| Isabel Verduzco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   (In Chambers) Order to Show Cause Why the Complaint Should Not be Dismissed for Failure to State Actionable Claims

**I.   Procedural History and Summary of Factual Allegations**

On September 25, 2023, Plaintiffs Jeff Macy and Lynn Macy (collectively "Plaintiffs"), proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 ("the Complaint"). [Dkt. No. 1.] The Complaint names 46 defendants and Does 1-50, and alleges 12 claims, including trespass, harassment, theft, violations of the Bane Act and Plaintiffs' constitutional rights, *inter alia*. [*Id.*] The gravamen of the Complaint appears to concern an incident or series of incidents between Plaintiffs and San Bernadino County Code Enforcement officers on or near Burnt Mill Canyon Road. [*See generally id.*] Plaintiffs seek an unknown amount in compensatory, treble, and punitive damages, and attorney's fees.[1] [*Id.* at 19.]

---

[1] It has long been established that "pro se civil rights litigants are not entitled to attorney's fees under 42 U.S.C. § 1988." *Ramirez v. Guinn*, 271 F. App'x 574, 576 (9th Cir. 2008). Therefore, Plaintiffs cannot obtain attorney's fees in this case unless they retain counsel to represent them.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-01955-HDV-PD                                    Date: December 19, 2023

Title      *Jeff Macy, et al. v. San Bernadino County Code Enforcement, et al.*

## II.    Legal Standard

The Court is required to screen *pro se* complaints and dismiss claims that, amount other things, are frivolous, malicious, or fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2).  Even when a plaintiff is not proceeding *in forma pauperis*, Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim sua sponte and without notice "where the claimant cannot possibly win relief."  *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

In determining whether the Complaint should be dismissed at screening, the Court applies the same standard as applied in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015).  Under that standard, "a complaint must contain sufficient factual matter, accepted as true" and viewed in the light most favorable to the nonmoving party, "to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This does not require "detailed factual allegations," but it does require "more than an unadorned, the defendant-unlawfully-harmed-me accusation."  *Id*.  The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Because Plaintiffs are proceeding *pro se*, the Court construes the Complaint liberally.  *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-01955-HDV-PD                                         Date: December 19, 2023

Title     *Jeff Macy, et al. v. San Bernadino County Code Enforcement, et al.*

**III.     Discussion**

    **A.     Failure to Comply with Rule 8**

The allegations in the Complaint appear to center around Plaintiffs' property, the surrounding road, and Plaintiffs' interactions with San Bernadino County's Code Enforcement officers.  [*See* Dkt. No. 1.]  As an initial matter, it is not clear from the Complaint where or when any of the events described therein occurred.

For example, Plaintiffs allege that the San Bernadino County Code Enforcement, CSA-18 intentionally deprived them of their property interest by trespassing, not allowing Plaintiffs to drive because it failed to repair the roads, and "dumping base rock, trash, waterflow, and water pipes."  [*See id.* at 5.]  However, the Complaint does not state the subject property's address or provide any other meaningful details, such as relevant dates or times the events allegedly took place.  [*See id.*]  Plaintiffs further allege that Defendants have failed to maintain Burnt Mill Canyon Road, "which they are responsible to repair," but it is unclear whether the portion of the road at issue is Plaintiffs' private property or a public road.  [*See id.* at 6.]

Importantly, the Complaint also fails to describe the particular conduct of any of the 43 individual named Defendants, apart from alleging that they are employed or retained by the San Bernadino County Code Enforcement, Fire Abatement, or CSA-18 Special District.  [*See id.* at 9-14.]

Liability under Section 1983 arises only upon a showing of personal participation by the defendant.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted).  A government official – whether subordinate or supervisor – may be held liable under § 1983 only when his or her own

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-01955-HDV-PD                                    Date: December 19, 2023

Title       *Jeff Macy, et al. v. San Bernadino County Code Enforcement, et al.*

actions have caused a constitutional deprivation.  *See Ashcroft*, 556 U.S. at 676.  Allegations regarding § 1983 causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).  Here, the Complaint does not explain how any of the named individual Defendants *personally* deprived Plaintiffs of their constitutional rights.  *Taylor*, 880 F.2d at 1045.

Overall, as currently pled, the Complaint is devoid of any concrete factual details and consists of nothing "more than an unadorned, the defendant-unlawfully-harmed-me accusation[s]" that fail to support a Section 1983 claim, or any of the other 11 claims alleged.[2]  *Ashcroft*, 556 U.S. at 678; *see also Exmundo v. Kane*, 553 F. App'x. 742, 743 (9th Cir. 2014) (affirming district court dismissal of § 1983 claims where plaintiff's allegations "were unclear as to the timing and nature of [the defendant's] actions").

In order to comply with Rule 8, Plaintiffs must provide a short and plain statement of the elements of their claims, identifying the transaction or occurrence giving rise to the claim(s) and the elements of the prima facie case.  *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000).

Moreover, each claim and the facts supporting each claim should be set forth in a separate count, because a separation "facilitates the clear

---

[2] On March 28, 2023, Plaintiffs filed a similar case against several of the same Defendants and which included six of the same claims brought here.  *See Macy, et al. v. San Bernadino County Code Enforcement, et al.*, 5:23-cv-00558-JGB-BFM, Docket No. 1, ("*Macy I*").  The Court denied Plaintiffs' *in forma pauperis* request in *Macy I* and dismissed the complaint because it similarly found it failed to comply with Rule 8.  *See id.*, Dkt. No. 8.  Plaintiffs then attempted to file the Complaint in the this case as an first amended complaint in *Macy I*.  *See id.*, Dkt. Nos. 20, 21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-01955-HDV-PD                                   Date: December 19, 2023

Title      *Jeff Macy, et al. v. San Bernadino County Code Enforcement, et al.*

presentation of the matters set forth." *Id.* at 841; Fed. R. Civ. P. 10(b).  This is important because, as it currently stands, Plaintiffs' allegations are disjointed and confusing.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (stating that a complaint must give the defendant fair notice of what the plaintiff's claim is); *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) ("Prolix, confusing complaints … impose unfair burdens on litigants and judges").

For these reasons, the Complaint is subject to dismissal.

## IV.     Order

For the foregoing reasons, Plaintiffs are **ORDERED TO SHOW CAUSE** why the Court should not recommend that the Complaint be dismissed for failure to state actionable claims.  *See* 28 U.S.C. § 1915(e)(2)(B).  To discharge and satisfy this order, Plaintiffs can either:

(1)     File a first amended complaint ("FAC"), which would entirely supersede the Complaint, if they can cure the factual and legal deficiencies outlined in this Order.  Plaintiffs are advised that a FAC would entirely replace the Complaint in this action.  Any amended complaint must:

> (a) be labeled "First Amended Complaint";
> (b) be complete in and of itself and not refer in any manner to prior complaints, i.e., it must include all of the claims on which Plaintiff seeks to proceed, Local Rule 15-2;
> (c) contain a "short plain" statement of the claim(s) for relief, *see* Fed. R. Civ. P. 8(a);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-01955-HDV-PD                                Date: December 19, 2023

Title     *Jeff Macy, et al. v. San Bernadino County Code Enforcement, et al.*

>    (d) make each allegation "simple, concise and direct," Fed. R. Civ. P. 8(d)(1);
>    (e) make allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b);
>    (f) set forth clearly the sequence of events (including specific relevant dates) which allegedly gives rise to the claim(s) for relief, including what each defendant did and how each specific defendant's conduct injured each specific plaintiff; and
>    (g) not add defendants or claims without leave of court.

or

>    (2)    Voluntarily dismiss the action—without prejudice to refiling later if justified—using the attached form CV-09.

Plaintiffs must do ones of these things by no later than **January 12, 2024**. If, given the contents of this Order, Plaintiffs elect not to proceed in this action, they may expedite matters by signing and returning the **attached Notice of Dismissal by January 12, 2024,** which will result in the voluntary dismissal of this action without prejudice.

**Plaintiffs are cautioned that, absent further order of the Court, their failure to timely file a first amended complaint or Notice of Dismissal may result in the dismissal of this action with or without prejudice on the grounds above or for failure to diligently prosecute.**

**Finally, the Clerk is directed to provide a Central District of California Civil Rights Complaint Form, CV-66, to Plaintiffs to**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-01955-HDV-PD                             Date: December 19, 2023

Title     *Jeff Macy, et al. v. San Bernadino County Code Enforcement, et al.*

**facilitate their filing of an amended complaint if they elect to proceed in that fashion.**

**Attachments**:
--Notice of Voluntary Dismissal (CV-09)
--Civil Rights Complaint Form (CV-66)

|   |   |
|---|---|
|   | : |
|   | iv |