Jeff Macy & Lynn Macy
FULL NAME

COMMITTED NAME (if different)

P.O. Box #103
FULL ADDRESS INCLUDING NAME OF INSTITUTION

Twin Peaks, CA 92391

PRISON NUMBER (if applicable)

FILED
CLERK, U.S. DISTRICT COURT

12/28/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ AP _____ DEPUTY

N/S

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Jeff Macy, et al.,

PLAINTIFF,

v.

San Bernardino County Code Enforcement, et al.,

DEFENDANT(S).

CASE NUMBER

5:23-cv-01955-HDV-PD
*To be supplied by the Clerk*

FIRST AMENDED

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** *(Check one)*

☒ 42 U.S.C. § 1983
☒ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes  ☒ No

2. If your answer to "1." is yes, how many? _____

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

   This lawsuit is for Trespassing, Harassment, Discrimination, Cover Up, Undue Burden upon home owners with undue service, Unelected officials creating laws that go against federal and state constitutions, laws, Theft, Unreasonable Search, Municipal and Supervisorial Liability (42 U.S.C. § 1983), Intentional infliction of Emotional Distress, Violation of Bane Act, and Excessive Fines.

a.  Parties to this previous lawsuit:
    Plaintiff _Jeff Macy & Lynn Macy_

    Defendants _San Bernardino County Code Enforcement, Fire Abatement, CSA 18_
    _Special Districts, and see attached._

b.  Court _The United States District Court Central District of California_
    _Eastern Division._

c.  Docket or case number _5:23-cv-00558-JGB-BFM/5:23-cv-01955-HDV-PD_

d.  Name of judge to whom case was assigned _Patricia Donahue, U.S. Magistrate Judge_

e.  Disposition (For example:  Was the case dismissed?  If so, what was the basis for dismissal?  Was it
    appealed?  Is it still pending?) _The case is still pending._

f.  Issues raised: _Trespassing, Harassment, Discrimination, Cover Up, Undue burden upon homeowners_
    _with undue service, Unelected officials creating laws that go against federal & state constitutions,_
    _laws, Theft, Unreasonable Search, Municipal & Supervisorial Liability (42 U.S.C. § 1983), intentional_
    _infliction of emotional distress, violation of Bane Act, & Excessive fines._

g.  Approximate date of filing lawsuit: _2/4/2023_

h.  Approximate date of disposition _For 18 years  2/16/2005_

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.  Is there a grievance procedure available at the institution where the events relating to your current complaint
    occurred? ☒ Yes   ☐ No

2.  Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes   ☐ No

    If your answer is no, explain why not _____

    _____

3.  Is the grievance procedure completed? ☒ Yes   ☐ No

    If your answer is no, explain why not _____

    _____

4.  Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _Jeff Macy and Lynn Macy_
(print plaintiff's name)

who presently resides at _P.O. Box #103 Twin Peaks, CA 92391_
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_Lake Arrowhead and Cedarpines Park, CALIFORNIA_
(institution/city where violation occurred)

on (date or dates) 2/16/2005 , 2/16/2023 , 3/24/2023 .
(Claim I)          (Claim II)         (Claim III)

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant  San Bernardino County Code Enforcement (see attached) resides or works at
   (full name of first defendant)
   San Bernardino County, 290 North D Street, San Bernardino, CA 92401
   (full address of first defendant)
   Code Enforcement Officers
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual    ☒ official capacity.

Explain how this defendant was acting under color of law:
Trespassing, Harassment, Discrimination, Cover Up, not providing public records requests, undue burden on homeowners, excessive fines, and infliction of unelected officials creating laws that go against federal & state laws, Emotional Distress.

2. Defendant  Fire Abatement (see attached)                    resides or works at
   (full name of first defendant)
   San Bernardino County, 268 W. Hospitality Lane, Suite 300, San Bernardino CA 92415
   (full address of first defendant)
   Fire Abatement Officers
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual    ☒ official capacity.

Explain how this defendant was acting under color of law:
Undue burden upon homeowners with undue service, excessive fines, muncipal and supervisory liability, and intentional infliction of Emotional Distress, and not provi public records request.

3. Defendant  CSA 18 Special Districts (see attached)          resides or works at
   (full name of first defendant)
   San Bernardino County, 222 W. Hospitality Lane, 2nd Floor, San Bernardi CA 92415
   (full address of first defendant)
   CSA 18 Officers
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual    ☒ official capacity.

Explain how this defendant was acting under color of law:
Theft, Trespassing, Harassment, Discrimination, Cover Up, Not providing public records requests, intentional infliction of Emotional Distress, and muncipal and supervisorial liability.

4.  Defendant  *Jennifer Bonnar (see attached) Public Records*  resides or works at
    (full name of first defendant)

    *San Bernardino County, 222 W. Hospitality Lane 3rd Floor, San Bernardino*
    (full address of first defendant)                                          *CA 92415*

    *Office Assistant CHP Inland Division*
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

*She would not provide public records request.*

5.  Defendant  *Suzan Garrido (see attached) Solid Waste Management*  resides or works at
    (full name of first defendant)

    *San Bernardino County, 825 East Third Street, San Bernardino,*
    (full address of first defendant)                              *CA 92415*

    *Solid Waste Programs Administrator*
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

*She allowed workers to trespass onto Macy Land in Cedar Pines ☒☒ Park.*

**D. CLAIMS\***

**CLAIM I**

The following civil right has been violated:

Trespassing, Harassment, Discrimination, Cover Up, Undue burden upon homeowners with undue service, Unelected officials creating laws that go against federal and State constitutions, laws, Theft, Unreasonble search, Muncipal and Supervisorial Liability (42 U.s.c. § 1983), Intentional infliction of emotional Distress, Violation of Bane Act, Excessive fines, and not providing public records requests (See attached of First Amended Complaint).

Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

(See attached First Amended Complaint)

\**If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

**E. REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

$100,000 from each public entity: San Bernardino County Code Enforcement, Fire Abatement, CSA18 Special Districts, and Waste Management, Public Reco $10,000 from each individual involved.

\* individuals will be excluded if they decide to cooperate and testify to the true facts of the governmental agencies they work for. civil rights violations. Testify on behalf of the Macy's.

12/28/2023
*(Date)*

Jeff Macy   Lynn Macy
*(Signature of Plaintiff)*

**CIVIL RIGHTS COMPLAINT**



**County of San Bernardino**
**Clerk of the Board of Supervisors**
385 N. Arrowhead Avenue, 2nd Floor, San Bernardino, CA 92415-0130
(909) 387-3841   Fax (909) 387-4554
Internet: www.sbcounty.gov/cob

## CUSTOMER SERVICE COMPLAINT

*NOTE: This is not a claim form. To file a claim for damages, the form entitled "Claims Against the County for Damages" must be filed with Risk Management (909-386-8631).*

### PERSON REGISTERING COMPLAINT:

| | | | | | |
|---|---|---|---|---|---|
| Last Name: | Macy | First: | Jeff, Lynn | | |
| Physical Address: | 26175 Augusta Way | City: | Lake Arrowhead | Zip: | 92352 |
| Mailing Address: | P.O Box #103 | City: | Twin Peaks | Zip: | 92391 |
| Contact Phone No: | (909) 744 - 8480 | Email Address: | macybuilders@yahoo.com | | |

### COMPLAINT REGISTERED REGARDING:

Name of Department(s):   Land Use Services Department
Name of Person(s):   Officer Amber Scharf, Andres Diaz Supervisor, et al.
Address:   385 N. Arrowhead Ave      City:   San Bernardino      Phone #:   (909) 387 - 8311

### INFORMATION REGARDING CUSTOMER SERVICE COMPLAINT:

Date of alleged unsatisfactory customer service:   18 Years
Place of alleged unsatisfactory customer service:   Mojave River road 36 acres CedarPines park, and Lake Arrowhead house
Please give description of unsatisfactory service (attach additional sheets if necessary):   Attached 25 Pages
Trespassing to take photos from private property or private road without a warrant. Harassment. Discrimination.
Cover up. Threat for lien against property. Threat of administration citations. Threat of civil prosecution.
Threat of criminal prosecution. Threat to recover regulatory costs. Threat of $76 administrative fees.
Threat of $627 per hour to abate. Threat of unregulated, unknown charge without an estimate.
Undue burden upon homeowners with undue service.
Unelected officials creating laws that go against federal and state constitutions, laws.
See additional pages/sheets 1-25 labeled COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL.

### ADDITIONAL INFORMATION:

Did you contact the department regarding the incident?      Yes ☒      No ☐
If yes, name of person contacted:   Amber Scharf, Andres Diaz, et al.      Date Contacted:   2/3/2023
Results of contact (attach additional sheets if necessary):   Contacted County Fire multiple times this week resulting in no response or call back. The desk worker said no one was available.

As a courtesy to the complainant, upon receipt of the customer service complaint, the Clerk of the Board's office forwards a copy of the complaint to the Board of Supervisors, and also to the department head of the involved department for their response. Our office does not contact the involved department regarding resolution of the complaint.

Signature:   *Jeff Macy*      *Lynn Macy*      Date:   2-3-2023

*Return completed/signed form to address listed above.  Thank you.*

cob031complaintform                                                                 Revised 0315

# CLAIM AGAINST COUNTY OF SAN BERNARDINO
*(CLAIM FORM MUST BE FILLED OUT PROPERLY OR CLAIM WILL BE RETURNED WITHOUT FILING)*

**DATE:** 3/28/2023

Claim is hereby made against the treasury of the County of San Bernardino, State of California, as follows:

- Less than $10,000 – State the total amount claimed $     25,000
- More than $10,000 – Check one of the boxes:
  - ☑ Municipal Court Jurisdiction ($10,000 - $25,000)     ☐ Superior Court Jurisdiction ($25,001 and up)

Claimant makes the following statements in support of the claim:

1. Name of Claimant:     Lynn                              Macy
                         *First*          *Middle*          *Last*          *(Area Code and Phone No.)*

2. Address of Claimant:     26175 Augusta Way Lake Arrowhead Ca 92352
                            *Street*                    *City*                    *Zip Code*

   Gender: __ Male ✔ Female   Date of Birth: 6-4-1938   SS#: n/a
   ***(The information Requested is Mandatory if Presenting a Claim for Bodily Injury)***

3. Notices concerning claim should be sent to:
   Jeff Macy p.o.a.          po box #103 Twin Peaks 92391          909-744-8480
   *Name*                    *Address*          *Zip Code*          *(Area Code and Phone No.)*

4. Circumstances giving rise to claim are as follows: Unknown unsafe pollution, weight damage to my private
   road due to burrtec trucks being allowed to travel from county swdp of public works.
   Never did an environmental study to know if would harm our community.

   Claim against Solid Waste Management Department of public works.

5. Date, Time and Place (city, street, cross-street) damage occurred and nature thereof: Current
   26175 augusta way lake arrowhead ca 92352. Cracked up road from excessive weight environmenta

6. Public property and/or public officers or employees causing injury, damage or loss:
   Private road we never gave them permission to drive on or pollute. (Augusta way) PRIVATE ROAD

7. Name, address and telephone number of witnesses: Everyone on street, whole Macy family Burrtec drivers
   et al.

8. Basis of computation of claimed amount is as follows:

   | | |
   |---|---|
   | Medical expenses to date | Loss wages |
   | Estimated future medical expenses | General damages |
   | Other expenses   25.000 | Property damage |
   | Other damages | |

   *Lynn Macy*
   *Claimant or Representative (Signature)*

**RETURN COMPLETED FORM TO:**
Risk Management Division – County of San Bernardino, State of California
222 W. Hospitality Lane, 3rd Floor
San Bernardino, CA  92415-0016

Office:   (909) 386-8631
Fax:       (909) 382-3212

Revised 9-2011

Jeff Macy and Lynn Macy P.O.A. "In Pro Per"
P.O. Box #103
Twin Peaks, Ca. 92391
Telephone: (909) 744 -8480
Email: macybuilders@yahoo.com
          PLAINTIFFS IN PRO PER
          THE UNITED STATES DISTRICT COURT
          CENTRAL DISTRICT OF CALIFORNIA EASTERN DIVISION
          FIRST AMENDED COMPLAINT

| | |
|---|---|
| Jeff Macy, as an individual, and Lynn Macy, as an individual, <br><br> PLAINTIFF, <br><br> vs. <br><br> SAN BERNARDINO COUNTY CODE ENFORCEMENT, a public entity, FIRE ABATEMENT, a public entity, CSA18 SPECIAL DISTRICTS, a public entity, WASTE MANAGEMENT, a public entity, PUBLIC RECORDS, a public entity, JENNIFER BONNAR, as an individual, SUZAN GARRIDO, as an individual, ABRAHAM RAMIREZ, as an individual, LAUREN ZAZUETA, as an individual, JESSICA HEMSLEY, as an individual, JESSICA RUIZ, as an individual, ANDRES DIAZ, as an individual and in his official capacity as a supervisor, OFFICER AMBER SCHARF, as an individual and in his official capacity as a supervisor, DANIELLE MCMAHON, as an individual, PHILIP SALAZAR, as an individual and in his official capacity as a supervisor, IRENE ROMERO, as an individual, ADRIANNA WIMENTA, as an individual, IAN SALDIVAR, as an individual, CRYSTAL CHAVEZ-JONES, as an individual, ANTHONY PHAM, P.E., as an individual, MICHELE MARTIN, as an individual, MELISSA CHAPMAN, as an individual, BRENDON BIGGS, M.S., P.E., as an individual and in his official capacity as a director, DAVID DOUBLET, M.S., P.E., as an individual and in his official capacity as an assistant director, GRANVILLE M. BOWMAN, as an individual and in his official capacity as a director, KATHLEEN BINGHAM, as an individual, DENA SMITH, as an individual, | Case No.: 5:23-cv-00558-JGB-BFM / 5:23-cv-01955-HDV-PD <br> **143533 (Code Enforcement) and 143546 (CSA-18).** <br> COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL FOR: <br> **(1)** Trespassing. <br> **(2)** Harassment. <br> **(3)** Discrimination. <br> **(4)** Cover up. <br> **(5)** Undue burden upon homeowners with undue service. <br> **(6)** Unelected officials creating laws that go against federal and state constitutions, laws. <br> **(7)** Theft. <br> **(8)** Unreasonable search, <br> **(9)** Municipal and Supervisorial Liability (42 U.S.C. § 1983). <br> **(10)** Intentional infliction of Emotional Distress. <br> **(11)** Violation of Bane Act. <br> **(12)** Excessive Fines. <br><br> **DEMAND FOR JURY TRIAL** |

PAGE 1 OF 20

TRACY A. SWEENEY, as an individual,
DARREN MEEKA, as an individual,
VICTOR TORDESILLAS, as an individual
and in his official capacity as a director,
SOPHIA SALAS, as an individual, GLENN
JACKLIN, as an individual and in his
official capacity as a CSA-18 supervisor,
RUDY GUERRERO, as an individual and
in his official capacity as a CSA-18
supervisor, ALEXANDRA CALDERON, as
an individual, ALDAIR JIMENEZ, as an
individual, PAM ADAMS, as an individual
and in his official capacity as a
supervisor, JOHN BRADFORD, as an
individual and in his official capacity as
a  CSA-18 supervisor, BRANDON SORBY,
as an individual and in his official
capacity as a CSA-18 supervisor,
ADENA LOZANO, as an individual,
OFFICER GRIM, as an individual,
GABRIEL GARCIA, as an individual,
CODE ENFORCEMENT OFFICERS et al. as
individuals, and DOES 1-50.

Defendants.

PLAINTIFF JEFF MACY and LYNN MACY, through their undersigned counsel,

hereby files this Complaint against Defendants San Bernardino County Code

Enforcement, Fire abatement, CSA18 Special Districts, Code Enforcement

Officers et al., CSA18 Special Districts, Jennifer Bonnar, Suzan Garrido, Abraham

Ramirez, Lauren Zazueta, Jessica Hemsley, Jessica Ruiz, Andres Diaz, Officer

Amber Scharf, Danielle McMahon, Philip Salazar, Irene Romero, Adrianna

Wimenta, Ian Saldivar, Crystal Chavez-Jones, Anthony Pham, P.E., Michele

Martin, Melissa Chapman, Brendon Biggs, M.S., P.E., David Doublet, M.S., P.E.,

Granville M. Bowman, Kathleen Bingham, Dena Smith, Tracy A. Sweeney, Darren

Meeka, Victor Tordesillas, Sophia Salas, Glenn Jacklin, Rudy Guerrero, Alexandra

Calderon, Aldair Jimenez, Pam Adams, John Bradford, Brandon Sorby, Adena

Lozano, Officer Grim, Gabriel Garcia, and Does 1 to 50, inclusive (collectively

"Defendants"), alleges as follows:

PAGE 2 OF 20

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3-4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. §§ 1983, 1985 & 1988, the Fourth & Fourteenth Amendments of the United States Constitution. This court has supplemental jurisdiction over state law claims pursuant to 28 USC § 1367 because those claims are so related to PLAINTIFF'S federal claims that the claims form part of the same case and/or controversy pursuant to Article III of the United States Constitution.

2. Venue is properly founded in this judicial district pursuant to 28 USC §§ 1391(b) and (c) in that a substantial part of the events giving rise to the claims in this action occurred within this District and Defendants are subject to personal jurisdiction in this district.

**PARTIES**

3. PLAINTIFF JEFF MACY, is a citizen of the State of California, and at all relevant times herein was a resident in San Bernardino County in the State of California.

4. PLAINTIFF LYNN MACY, is a citizen of the State of California, and at all relevant times herein was a resident in San Bernardino County in the State of California.

5. Defendant San Bernardino County Code Enforcement is and at all times relevant a public entity located in the County of San Bernardino and existing under the laws of the State of California.

PAGE 3 OF 20

6. Defendant Fire Abatement is and at all times relevant a public entity located in the County of San Bernardino and existing under the laws of the State of California.

7. Defendant CSA18 Special Districts is and at all times relevant a public entity located in the County of San Bernardino and existing under the laws of the State of California.

8. Defendant Code Enforcement Officers et al. is and at all times relevant were residents of the County of San Bernardino and are sued in their individual capacity.

9. On information and belief, Defendants Jennifer Bonnar, Suzan Garrido, Abraham Ramirez, Lauren Zazueta, Jessica Hemsley, Jessica Ruiz, Andres Diaz, Officer Amber Scharf, Danielle McMahon, Philip Salazar, Irene Romero, Adrianna Wimenta, Ian Saldivar, Crystal Chavez-Jones, Anthony Pham, P.E., Michele Martin, Melissa Chapman, Brendon Biggs, M.S., P.E., David Doublet, M.S., P.E., Granville M. Bowman, Kathleen Bingham, Dena Smith, Tracy A. Sweeney, Darren Meeka, Victor Tordesillas, Sophia Salas, Glenn Jacklin, Rudy Guerrero, Alexandra Calderon, Aldair Jimenez, Pam Adams, John Bradford, Brandon Sorby, Adena Lozano, Officer Grim, and Gabriel Garcia are and at all times relevant were residents of the County of San Bernardino and are sued in their individual capacity.

10. On information and belief at all times relevant, Defendant DOES 1-50 were residents of the County of San Bernardino and are sued in their individual capacity.

## FACTS COMMON TO ALL CAUSES OF ACTION

PAGE 4 OF 20

11. Each and every allegation set forth in each and every averment and allegation of this pleading hereby is incorporated by this reference in each and every averment and allegation of this pleading.

12. I am informed and believe that Defendants Code enforcement, CSA-18, Fire Abatement, Waste Management, San Bernardino County Public Records, Jennifer Bonnar, Lauren Zazueta, Jessica Hemsley, Aldair Jimenez, and Pam Adams have not provided any of my public records requests. Adena Lozano is a Land Use Technician who could not find any permits from 1987 to 6/22/2023 for either of our properties. Jessica Ruiz, Andres Diaz, and Philip Salazar refused to give a meeting with the Board of supervisors.

13. I am informed and believe that Defendants CSA-18 have intentionally deprived the interest of the Plaintiff's property through the unauthorized act (Trespassing on Plaintiff's private property, not allowing Plaintiffs to drive due to failure to repair roads) and causing loss. Ian Saldivar, Crystal Chavez-Jones, Anthony Pham, Michele Martin, and Alexandra Calderon denied our pre-application for building and safety conditions. Adrianna Wimenta who is an Engineering Technician for the Traffic Division for Department of Public Works who refused to fix the road or rename the road. Suzan Garrido, Philip Salazar, Glenn Jacklin, Rudy Guerrero, John Bradford, and Brandon Sorby are supervisors for CSA-18 who allowed workers to trespass onto property. The default remedy is the damages, considering the fair market value of the property or returning the property. Since 2021 until today, Plaintiffs discovered on 2/27/2023 that Defendants CSA-18 factually did not file Plaintiffs complaint or claim against Defendants CSA-18 with County of San Bernardino Risk Management,

which Defendants CSA-18 claimed to have filed back in 2021. 2 months later Defendants CSA-18 said Risk Management denied Plaintiffs claim, without giving Plaintiffs any paperwork to prove it or even a case number. Victor Tordesillas and Sophia Salas who work for the Department of Risk Management investigated and denied the circumstances around our claim. Defendants District CSA-18 have admitted to damaging Plaintiffs property to the Police, but the Police Officer refused to prosecute Defendants saying, "We don't normally arrest county officials". Defendants CSA-18 took down Plaintiffs cables, which caused all glass lights to be broken and left the broken glass all over Plaintiffs private road (destruction of private property California Penal Code § 594 PC). Defendants CSA-18 have been dumping base rock, trash, waterflow, and water pipes on Plaintiffs property for years without permission. Defendants CSA-18 have stolen Plaintiffs 2x2 in. signs that held up the chain across MacyLand. Roughly 75-100 yards onto Plaintiffs property, Defendants CSA-18 took down another "No Trespassing, Kids at Play" sign. Defendants CSA-18 also cut down tree branches to remove Plaintiffs 5/8" chain, stole fences (Penal Code § 487 PC) that were chained and locked to Plaintiffs tree. Defendants CSA-18 unbolted and took down Plaintiffs 3/8" chain to the Yeshua planned temple site. Defendants CSA-18 won't repair Burnt Mill Canyon Road, which they are responsible to repair, claiming Defendants cannot afford to fix the road. The report # is TPR2001467.

14. I am informed and believe that failure or omission to perform the duty of Defendants CSA-18 to maintain Burnt Mill Canyon Rd, is clearly discriminatory & saves the Defendants County money. Harm sustained by the Plaintiffs was intentional & unjustified. Plaintiffs have not been able to

drive to lower property to clear trash neighbors dumped. Plaintiffs have had to walk miles to get to their property to perform demolitions and trash removal as required by the San Bernardino County Building and Safety Division issued on 11/05/2020. Defendants CSA-18 hates Plaintiffs for complaining about Defendants failures to fix roads & for telling Defendants to fix the cable gate the Defendants stole and to pay damages for the lights, cables, signs, posts, and bolts, Defendants CSA-18 damaged and/or stole. Plaintiffs are at constant risk of getting towed by parking at the last part of the drivable road. Failure to perform the duty or the negligent act of the Defendant CSA-18, which subsequently results in the cause of action in the suit and I have already made a claim against them on 2/16/2023.

15. I am informed and believe that Defendants Elderly Abuse Plaintiff Lynn Macy 84-year-old elderly woman by giving constant notices, trespassing onto Plaintiffs property, and constantly reporting trash in front of Plaintiffs trash cans or leaves on Plaintiffs roof to harass Plaintiffs. Defendant Code Enforcement Officers already trespassed into Plaintiffs home twice and forced Plaintiffs to get a permit for a preexisting structure in Plaintiffs home to raise Plaintiffs property taxes unjustly on 8/14/2012, notice of violation #C201202184. Abraham Ramirez is the Equal Opportunity Specialist who was unwilling to investigate the County for Housing Discrimination. For 18 years Plaintiffs have been getting unfounded Code violation notices. California Penal Code § 368 PC defines elder abuse as the physical or emotional abuse, neglect, or financial exploitation of a victim 65 years of age or older. We also have report #'s for most incidents: TPR2200512,

TPR2101862, TPR2101994, TPR2200594, TPR2201407, TPR2101443, TPR2200032, and TPR2201014.

16. I am informed and believe that Defendants Code Enforcement is against Cal Fire's pretense laws and has given Plaintiffs a notice to move wood 30 feet away from all structures, despite there being a fire-resistant tarp covering the wood. Cal Fire's notice of defensible space inspection states in Zone 1 section G. to relocate exposed wood piles outside of Zone 1 unless completely covered in a fire-resistant material, pursuant to 14 CCR § 1299.03(a)(3). Cal. Code Regs. Tit. 14, § 1299.03 – Requirements (a)(3) Relocate exposed firewood piles outside of Zone 1 unless they are completely covered in a fire-resistant material. Zone 1 being within 30 feet of a structure. Defendants Code Enforcement is going against Cal Fire which supersedes Defendants Code Enforcement since it is a state agency while Defendant Code Enforcement is only county. San Bernardino County Department of Risk Management has continuously rejected our claim, just like on March 24, 2023. Officer Amber Scharf is a supervisor for Code Enforcement and illegally gave us a notice for firewood and misquoted the law regarding firewood.

17. Defendant Danielle McMahon is a Code Enforcement Officer who refused to clear our property even after receiving photos.

18. Defendant Irene Romero is a planner for the Land Use Service Department who required a permit for a preexisting structure.

19. Defendants Melissa Chapman, Brendon Biggs, David Doublet, Granville M. Bowman, Kathleen Bingham, Dena Smith, Tracy A. Sweeney, and Darren Meeka are responsible for making it so that property owners that do not

obtain an exemption or subscribe to curbside service will be automatically enrolled in Clean Mountain Service.

20. Defendant Officer Grim rung our doorbell, wearing an officer uniform with a badge, and told son Josiah Macy that nothing was wrong, but he still left a yellow notice on our door anyways. He was parked and blocking our private road. He did it to intimate and bully us. Ticket #: CSE-2022-11086

21. Defendant Gabriel Garcia is the issuing Enforcement Officer who fined us for having an RV on Macy Land for $100 on 11/07/2023 at 8 AM. CO#: CSE-2023-14000. Citation No. C230021514. CSA-18 is responsible for the RV being on Macy Land in the first place because they cut and removed our cables/chains which would have prevented squatters and the trashed RV being put there. CSA-18 also took down our posted no trespassing signs. CSA-18 is the reason that squatters were able to enter our property, so they are liable.

22. There's an important legal principle that says "ignorance of the law is no excuse." You can't defend your actions by arguing you didn't know they were illegal, even if you honestly did not realize you were breaking the law.

## FIRST CAUSE OF ACTION

### Unreasonable Search

### (By Plaintiff Against San Bernardino County Code Enforcement)

23. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 22, inclusive.

24. As a result of the conduct of Code Enforcement Officers et al. they are liable because they were integral participants in the wrongful entry and inspection or because they failed to intervene to prevent these violations.

25. Defendant Code Enforcement Officers already trespassed into Plaintiffs home twice and forced Plaintiffs to get a permit for a preexisting structure in Plaintiffs home to raise Plaintiffs property taxes unjustly.

26. Plaintiffs Jeff Macy and Lynn Macy also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

**SECOND CAUSE OF ACTION**

**Municipal and Supervisory Liability (42. U.S.C. § 1983)**

**(By Plaintiff Against San Bernardino County Code Enforcement, Fire abatement, CSA18 Special Districts, Code Enforcement Officers et al. and Does 1-50.)**

27. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 26, inclusive.

28. On and for some time prior to 2021(and continuing to the present date) Defendants San Bernardino County Code Enforcement, Fire abatement, CSA18 Special Districts, Code Enforcement Officers et al., and Does 1 to 50, deprived Plaintiffs Jeff Macy and Lynn Macy of the rights and liberties secured to them by the 4th and 14th Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives acting with gross negligence and with reckless and deliberate indifference to the safety, rights, and liberties of the public in general and of Jeff Macy and Lynn Macy, and of persons in their class, situation and comparable position, in particular, knowingly

maintained, enforced and applied an official recognized custom, policy, and practice of:

    (a) Employing and retaining as county officials and other personnel, including Code Enforcement, Fire Abatement, CSA18 Special Districts, Jennifer Bonnar, Suzan Garrido, Abraham Ramirez, Lauren Zazueta, Jessica Hemsley, Jessica Ruiz, Andres Diaz, Officer Amber Scharf, Danielle McMahon, Philip Salazar, Irene Romero, Adrianna Wimenta, Ian Saldivar, Crystal Chavez-Jones, Anthony Pham, P.E., Michele Martin, Melissa Chapman, Brendon Biggs, M.S., P.E., David Doublet, M.S., P.E., Granville M. Bowman, Kathleen Bingham, Dena Smith, Tracy A. Sweeney, Darren Meeka, Victor Tordesillas, Sophia Salas, Glenn Jacklin, Rudy Guerrero, Alexandra Calderon, Aldair Jimenez, Pam Adams, John Bradford, Brandon Sorby, Adena Lozano, Officer Grim, Gabriel Garcia, and Unknown Does 1-50 at all times material herein knew or reasonably should have known had propensities for abusing their authority and for mistreating citizens by failing to follow their County Policies;

    (b) Inadequately supervising, training, controlling, assigning and disciplining Code Enforcement officers and other personnel, including Code Enforcement, Fire Abatement, CSA18 Special Districts, Jennifer Bonnar, Suzan Garrido, Abraham Ramirez, Lauren Zazueta, Jessica Hemsley, Jessica Ruiz, Andres Diaz, Officer Amber Scharf, Danielle McMahon, Philip Salazar, Irene Romero, Adrianna Wimenta, Ian Saldivar, Crystal Chavez-Jones, Anthony Pham, P.E., Michele Martin, Melissa Chapman, Brendon

Biggs, M.S., P.E., David Doublet, M.S., P.E., Granville M. Bowman, Kathleen Bingham, Dena Smith, Tracy A. Sweeney, Darren Meeka, Victor Tordesillas, Sophia Salas, Glenn Jacklin, Rudy Guerrero, Alexandra Calderon, Aldair Jimenez, Pam Adams, John Bradford, Brandon Sorby, Adena Lozano, Officer Grim, Gabriel Garcia, and Does 1-50 each knew or in the exercise of reasonable care should have known the aforementioned propensities and character traits;

(c) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, controlling and disciplining the intentional conduct by Code Enforcement officers and other personnel, Fire Abatement, CSA18 Special Districts, Jennifer Bonnar, Suzan Garrido, Abraham Ramirez, Lauren Zazueta, Jessica Hemsley, Jessica Ruiz, Andres Diaz, Officer Amber Scharf, Danielle McMahon, Philip Salazar, Irene Romero, Adrianna Wimenta, Ian Saldivar, Crystal Chavez-Jones, Anthony Pham, P.E., Michele Martin, Melissa Chapman, Brendon Biggs, M.S., P.E., David Doublet, M.S., P.E., Granville M. Bowman, Kathleen Bingham, Dena Smith, Tracy A. Sweeney, Darren Meeka, Victor Tordesillas, Sophia Salas, Glenn Jacklin, Rudy Guerrero, Alexandra Calderon, Aldair Jimenez, Pam Adams, John Bradford, Brandon Sorby, Adena Lozano, Officer Grim, Gabriel Garcia, and Unknown Does 1-50, including Does 1-50.

(d) Failing to adequately train Code Enforcement officers including Defendants Code Enforcement, Fire Abatement, CSA18 Special Districts, Jennifer Bonnar, Suzan Garrido, Abraham Ramirez,

Lauren Zazueta, Jessica Hemsley, Jessica Ruiz, Andres Diaz, Officer Amber Scharf, Danielle McMahon, Philip Salazar, Irene Romero, Adrianna Wimenta, Ian Saldivar, Crystal Chavez-Jones, Anthony Pham, P.E., Michele Martin, Melissa Chapman, Brendon Biggs, M.S., P.E., David Doublet, M.S., P.E., Granville M. Bowman, Kathleen Bingham, Dena Smith, Tracy A. Sweeney, Darren Meeka, Victor Tordesillas, Sophia Salas, Glenn Jacklin, Rudy Guerrero, Alexandra Calderon, Aldair Jimenez, Pam Adams, John Bradford, Brandon Sorby, Adena Lozano, Officer Grim, Gabriel Garcia, and Does 1-50 and failing to institute appropriate policies regarding constitutional procedures and practices;

(e) Having and maintaining an unconstitutional policy, customs, procedures of using excessive trespassing which is also demonstrated by inadequate training regarding these subjects.

29. Defendants San Bernardino County Code Enforcement, Fire abatement, CSA18 Special Districts, Code Enforcement Officers et al. and Does 1-50, together with various other officials whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these Defendants condone, tolerated, and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Jeff Macy and Lynn Macy and other individuals similarly situated.

PAGE 13 OF 20

30. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and wrongful acts, Defendants San Bernardino County Code Enforcement, Fire abatement, CSA18 Special Districts, Code Enforcement Officers et al., Jennifer Bonnar, Suzan Garrido, Abraham Ramirez, Lauren Zazueta, Jessica Hemsley, Jessica Ruiz, Andres Diaz, Officer Amber Scharf, Danielle McMahon, Philip Salazar, Irene Romero, Adrianna Wimenta, Ian Saldivar, Crystal Chavez-Jones, Anthony Pham, P.E., Michele Martin, Melissa Chapman, Brendon Biggs, M.S., P.E., David Doublet, M.S., P.E., Granville M. Bowman, Kathleen Bingham, Dena Smith, Tracy A. Sweeney, Darren Meeka, Victor Tordesillas, Sophia Salas, Glenn Jacklin, Rudy Guerrero, Alexandra Calderon, Aldair Jimenez, Pam Adams, John Bradford, Brandon Sorby, Adena Lozano, Officer Grim, Gabriel Garcia, and Does 1-50, acted with intentional, reckless, and callous disregard for the safety and constitutional rights of Jeff Macy and Lynn Macy. Defendants San Bernardino County Code Enforcement, Fire abatement, CSA18 Special Districts, Code Enforcement Officers et al. and Does 1-50, and each of their actions were willful, wanton, oppressive, malicious, fraudulent, extremely offensive, and unconscionable to any reasonable person of normal sensibilities.

31. By reason of the aforementioned policies and practices of Defendants San Bernardino County Code Enforcement, Fire abatement, CSA18 Special Districts, Code Enforcement Officers et al., Jennifer Bonnar, Suzan Garrido, Abraham Ramirez, Lauren Zazueta, Jessica Hemsley, Jessica Ruiz, Andres Diaz, Officer Amber Scharf, Danielle McMahon, Philip Salazar, Irene Romero, Adrianna Wimenta, Ian Saldivar, Crystal Chavez-Jones, Anthony Pham, P.E., Michele Martin, Melissa Chapman, Brendon Biggs,

M.S., P.E., David Doublet, M.S., P.E., Granville M. Bowman, Kathleen Bingham, Dena Smith, Tracy A. Sweeney, Darren Meeka, Victor Tordesillas, Sophia Salas, Glenn Jacklin, Rudy Guerrero, Alexandra Calderon, Aldair Jimenez, Pam Adams, John Bradford, Brandon Sorby, Adena Lozano, Officer Grim, Gabriel Garcia, and Does 1-50, acted with intentional, reckless and callous disregard for the safety and constitutional rights of Jeff Macy and Lynn Macy. Defendants San Bernardino County Code Enforcement, Fire abatement, CSA18 Special Districts, Code Enforcement Officers et al. and Does 1-50, Jeff Macy and Lynn Macy incurred damages in the form of psychological and emotional injuries, including, without limitation, pain and suffering, sleep deprivation, humiliation, all of which are continuing and damaging to reputation. Plaintiff's actual damages will be ascertained at trial.

32. The policies, practices and customs implemented and maintained and still tolerated by Defendants San Bernardino County Code Enforcement, Fire abatement, CSA18 Special Districts, Code Enforcement Officers et al., Jennifer Bonnar, Suzan Garrido, Abraham Ramirez, Lauren Zazueta, Jessica Hemsley, Jessica Ruiz, Andres Diaz, Officer Amber Scharf, Danielle McMahon, Philip Salazar, Irene Romero, Adrianna Wimenta, Ian Saldivar, Crystal Chavez-Jones, Anthony Pham, P.E., Michele Martin, Melissa Chapman, Brendon Biggs, M.S., P.E., David Doublet, M.S., P.E., Granville M. Bowman, Kathleen Bingham, Dena Smith, Tracy A. Sweeney, Darren Meeka, Victor Tordesillas, Sophia Salas, Glenn Jacklin, Rudy Guerrero, Alexandra Calderon, Aldair Jimenez, Pam Adams, John Bradford, Brandon Sorby, Adena Lozano, Officer Grim, Gabriel Garcia, and Does 1-50, acted with intentional, reckless and callous disregard for the safety

and constitutional rights of Jeff Macy and Lynn Macy. Defendants San Bernardino County Code Enforcement, Fire abatement, CSA18 Special Districts, Code Enforcement Officers et al. and Does 1-50, were affirmatively linked to and were significantly influential forces of Plaintiffs Jeff Macy and Lynn Macy.

33. Plaintiffs Jeff Macy and Lynn Macy also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

## THIRD CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### (By Plaintiff Against All Defendants)

34. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 33, inclusive.

35. Plaintiff is informed and believes and thereon alleges that Defendants' actions described in this Complaint were intentional, extreme, and outrageous.

36. Plaintiff is further informed and believes and hereon alleges that such actions were done with intent to cause serious emotional distress and were done with reckless disregard of the probability of causing Plaintiffs serious emotional distress.

37. As a proximate result of the Defendants actions Plaintiffs Jeff Macy and Lynn Macy incurred damages in the form of psychological and emotional injuries, including, without limitation, pain and suffering, sleep deprivation, humiliation, all of which are continuing and damaging to reputation. Plaintiff's actual damages will be ascertained at trial.

PAGE 16 OF 20

38. The conduct of the Defendants was despicable, malicious, wanton, oppressive and accomplished with a conscious disregard for Plaintiffs Jeff Macy and Lynn Macy's rights, entitling Plaintiffs Jeff Macy and Lynn Macy to an award of exemplary and punitive damages.

39. Plaintiffs Jeff Macy and Lynn Macy also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

**FOURTH CAUSE OF ACTION**

**Violation of Bane Act (Cal. Civ. Code § 52.1)**

**(By Plaintiff Against All Defendants)**

40. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 39, inclusive.

41. Defendant intentionally interfered with Plaintiff's civil rights by threats, intimidation, or coercion in that Defendants acted violently against Plaintiffs Jeff Macy and Lynn Macy from exercising their right to unreasonable search by trespassing into their home.

42. Plaintiffs Jeff Macy and Lynn Macy also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

**FIFTH CAUSE OF ACTION**

**Forced Demolition Permit**

**(By Plaintiff Against County Code Enforcement et al.)**

43. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 42, inclusive.

44. Defendant's County Code Enforcement et al. forced Plaintiffs to get a demolition permit.

PAGE 17 OF 20

45. At Plaintiffs property APN# 0342-031-01 a demolition permit was required for a house that was already demolished costing $266. Defendants County told Plaintiffs they had to get another demolition permit for a building that was demolished before Plaintiffs could buy the property, trying to extort more money. Under the fourth amendment the U.S. constitution grants the right to be free from unreasonable searches and seizures. The Defendants Code Enforcement Officers were informed that they were walking on private property. Defendants Code Enforcement Officers did not have a search warrant to enter Plaintiffs private property.

46. Plaintiffs Jeff Macy and Lynn Macy also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

### SIXTH CAUSE OF ACTION

### Forced Address

### (By Plaintiff Against County Code Enforcement et al.)

47. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 46, inclusive.

48. Defendant's County Code Enforcement et al. forced Plaintiffs to pay for an address or the Defendants would not remove the notice from the building and safety department division. Plaintiffs were also not allowed to customize the address. Plaintiffs were forced to pay for something they did not want.

49. Plaintiffs Jeff Macy and Lynn Macy also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

### SEVENTH CAUSE OF ACTION

PAGE 18 OF 20

**Trespassing without Warrant**

**(By Plaintiff Against All Defendants)**

50. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 49, inclusive.

51. Defendants Health Department interfered with Plaintiff's civil rights by intimidation or coercion in that Defendant acted violently against Plaintiffs Jeff Macy and Lynn Macy from exercising their right to unreasonable search by trespassing onto their property without warrant for potential well.

52. Plaintiffs Jeff Macy and Lynn Macy also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

**<u>EIGHTH CAUSE OF ACTION</u>**

**Failure to do Public Records Request**

**(By Plaintiff Against All Defendants)**

53. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 52, inclusive.

54. Defendants failed to do a public records request as requested by Plaintiffs.

55. California Public Records Act Information (CPRA) The Act provides for two types of access. One is a right to inspect public records: "Public records are open to inspection at all times during the office hours of the state or local agency and every person has a right to inspect any public record, except as hereafter provided."

56. Plaintiffs Jeff Macy and Lynn Macy also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

## NINTH CAUSE OF ACTION

### Excessive Fines

### (By Plaintiff Against All Defendants)

57. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 56, inclusive.

58. Defendants have been excessively giving fines for trash in front of trash cans, leaves on the roof, yard, and firewood.

59. Plaintiffs Jeff Macy and Lynn Macy also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

**WHEREFORE,** Plaintiff's pray judgment against Defendants as follows:

1. For compensatory damages in an amount to be proven at trial:

2. For treble damages pursuant to the Bane Act;

3. For punitive damages on those claims where it is available pursuant to law in an amount sufficient to punish, deter and make an example of the Defendants;

4. For interest on those claims where it is available under law;

5. For an order awarding PLAINTIFF their reasonable attorney's fees as to Plaintiff's civil rights claim pursuant to 42 U.S.C. § 1988, and Plaintiff's claim under the Bane Act, including litigation costs and expenses;

6. For cost of suit; and

7. For such other and further relief as this Court may deem to be just and proper.