UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:23-cv-01955-HDV-PD                                    Date: April 12, 2024

Title   *Jeff Macy, et al. v. San Bernadino County Code Enforcement, et al.*

Present: The Honorable:     Patricia Donahue, U.S. Magistrate Judge

| Isabel Verduzco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   (In Chambers) Order to Show Cause Why the Court Should Not Recommend Dismissal of the First Amended Complaint for Failure to State Actionable Claims

I.   **Procedural History**

On September 25, 2023, Plaintiffs Jeff Macy and Lynn Macy (collectively, "Plaintiffs"), proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 ("the Complaint"). [Dkt. No. 1.] The Complaint named 46 defendants and Does 1-50, and alleged 12 claims, including trespass, harassment, theft, violations of the Bane Act and Plaintiffs' constitutional rights, *inter alia*. [*Id*.] The gravamen of the Complaint appeared to concern an incident or series of incidents between Plaintiffs and San Bernadino County Code Enforcement officers on or near Burnt Mill Canyon Road. [*See generally id*.] The Court determined that the Complaint failed to comply with Federal Rule of Civil Procedure 8. Accordingly, on December 19, 2023, the Court ordered Plaintiffs to show cause why the Court should not recommend the Complaint be dismissed for failure to state actionable claims. [Dkt. No. 6.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-01955-HDV-PD                                    Date: April 12, 2024

Title       _Jeff Macy, et al. v. San Bernadino County Code Enforcement, et al._

On December 28, 2023, Plaintiffs filed the first amended complaint ("FAC"). [Dkt. No. 7.] The FAC alleges claims against five San Bernadino County entities (San Bernadino County Code Enforcement, Fire Abatement, CSA-18, Waste Management, and Public Records), as well as 36 individuals who appear to work for these county entities, other "code enforcement officers et al.", and Does 1-50. [*See id.* at 9-10.]

## II. The FAC

The allegations in the FAC center around Plaintiffs' property and their interactions with various San Bernadino County entities and county employees over the last 18 years. [*See generally id.*]

Plaintiffs allege that Defendants San Bernadino County Code Enforcement, CSA-18[1], Fire Abatement, Waste Management, San Bernadino County Public Records, Jennifer Bonnar, Lauren Zazueta, Jessica Hemsley, Aldair Jimenez, and Pam Adams have not responded to Plaintiffs' public records act requests. [Id. at 13.]

Plaintiffs further assert that Defendant Adena Lozano, a land use technician, was not able to locate any permits issued for Plaintiffs' property from 1987 to June 2023. [Id.] Plaintiffs do not provide further details on their interaction with Defendant Lozano or what county entity she works for. Plaintiffs similarly allege that Defendants Jessica Ruiz, Andres Diaz, and Philip Salazar refused to give Plaintiffs a meeting with the San Bernadino Board of Supervisors, but do not state what exactly the meeting request was in connection with, when, how each Defendant contributed to the denial, or if

---

[1] CSA-18 appears to be a San Bernadino County Public Works Special District for the Cedarpines Park area. According to the County's website, CSA-18 maintains paved and dirt roadways, one community center, and one five-acre park within its service area. *See* https://specialdistricts.sbcounty.gov/roads/road-districts/csa18/.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-01955-HDV-PD                           Date: April 12, 2024

Title      *Jeff Macy, et al. v. San Bernadino County Code Enforcement, et al.*

these individual Defendants work for the same or different county entities. [Id.]

The next set of allegations in the FAC relate to Plaintiff's interactions with San Bernadino County Service Area 18 ("CSA-18") employees.  Plaintiffs allege that Defendant CSA-18 has intentionally deprived Plaintiffs of their property interest by trespassing onto their property and failing to repair certain roads.  [Id.]  Plaintiffs allege that Defendants Crystal Chavez-Jones, Anthony Pham, Michele Martin, and Alexandra Calderon denied their pre-application for building and safety conditions.  [Id.]  Plaintiffs do not provide any further details on this.  [Id.]  Next, Plaintiffs allege that Defendant Adrianna Wimenta, an engineering technician in the traffic division of the Department of Public Works[2], refused to "fix the road or rename the road."  [Id.]  Plaintiffs do not specify which road they are referring to.  Plaintiffs allege that Suzan Garrido, Philip Salazar, Glenn Jacklin, Rudy Guerrero, John Bradford, and Brandon Sorby are supervisors for CSA-18 and allowed their workers to trespass onto Plaintiffs' property.  [Id.]  Plaintiffs further allege that they made complaints about these CSA-18 officers, but that their complaints were never properly filed with the County of San Bernadino Risk Management.  [Id. at 13-14.]

Plaintiffs further allege that Defendants Victor Tordesillas and Sophia Salas investigated and denied Plaintiffs' "claim".  [Id.]  Plaintiffs do not provide any further details about what their claim is or if it is related to the complaints described above.  [Id. at 14.]  Plaintiffs state that Defendant CSA-18 admitted to damaging Plaintiffs' property, but the local police department refused to prosecute.  [Id.]  Plaintiffs allege CSA-18 violated California Penal Code § 594 regarding destruction of private property, and that their officers "have been dumping base rock, trash, waterflow, and water pipes on Plaintiffs' property for years without permission."  [Id.]  Plaintiffs further allege that CSA-18 removed and stole signs and chains from their property.

---

[2] It is unclear from the FAC whether the traffic division is a part of CSA-18 or a separate division of the Department of Public works.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:23-cv-01955-HDV-PD                    Date: April 12, 2024

Title      _Jeff Macy, et al. v. San Bernadino County Code Enforcement, et al._

[Id.]  Plaintiffs allege that CSA-18 refuses to repair Burnt Mill Canyon Road due to budgetary issues.[3]  [Id.]  However, it is unclear if Burnt Mill Canyon Road is a public or private road.  Plaintiffs assert the refusal to repair the road is a form of discrimination and in retaliation of Plaintiffs' complaints about CSA-18's failure to properly maintain the road.  [Id.]  As a result, Plaintiffs allege that they are constantly at risk of having their vehicles towed.  [Id.]

Plaintiffs further allege that Defendants' actions – including the trespassing, notices, and code violations – are intended to harass Plaintiffs and a form of elder abuse.  [Id. at 15.]  Plaintiffs state that Defendant Abraham Ramirez works for the County as an Equal Opportunity specialist.  [Id.]  Plaintiffs state Defendant Ramirez was unwilling to investigate the County for housing discrimination.  [Id.]

Plaintiffs' next set of allegations relate to the San Bernadino County Code Enforcement department and officers.  Plaintiffs allege that they have been receiving unfounded Code violation notices for the last 18 years.  [Id.]  Plaintiffs state that Defendants Code Enforcement Officers "forced Plaintiffs to get a permit for a preexisting structure [on Plaintiffs land]," which resulted in higher property taxes.  [Id.]  Plaintiff alleges that Defendant Irene Romero is a planner for the Land Use Service Department and was one of these officers.  [Id. at 16.]  Plaintiffs allege that some of these code violation notices contradict California Fire Department Code regulations.  [Id.]  Plaintiffs state that Code Enforcement Officer Amber Sharf "illegally gave us a notice for firewood and misquoted the law regarding firewood."  [Id.]  Plaintiffs further state that Defendant Danielle McMahon is a Code enforcement Officer "who refused to clear our property even after receiving photos."  [Id.]

---

[3] It is also unclear from the FAC whether Burnt Mill Canyon Road is a public or private road, and whether Plaintiffs' property is on this road, adjacent to it, or located elsewhere.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-01955-HDV-PD                               Date: April 12, 2024

Title    *Jeff Macy, et al. v. San Bernadino County Code Enforcement, et al.*

    Plaintiffs allege that Defendants Melissa Chapman, Brendon Biggs, David Doublet, Granville M. Bowman, Kathleen Bingham, Dena Smith, Tracy A. Sweeney, and Darren Meeka "are responsible for making it so that property owners that do not obtain an exemption or subscribe to curbside service will be automatically enrolled in Clean Mountain Service." [Id.]

    Last, Plaintiffs allege that Defendant Officer Grim intimidated and bullied Plaintiffs by parking and blocking their private road and leaving a notice. [Id. at 17.] Plaintiffs also allege that Defendant Officer Gabriel Garcia fined Plaintiffs for having an RV on their land. [Id.] Plaintiffs assert that CSA-18 cut down Plaintiffs' chains, allowing squatters to enter their property, and thus are at fault for the RV's presence on their property. [Id.]

    Plaintiffs assert nine causes of action in the FAC, which Plaintiffs title as: (1) unreasonable search; (2) municipal and supervisory liability under 42 U.S.C. § 1983; (3) intentional infliction of emotional distress; (4) violation of California's Bane Act; (5) forced demolition permit; (6) forced address; (7) trespass; (8) failure to respond to a public record's act request; and (9) excessive fines.[4] [Id. at 17-28.]

    Plaintiffs seek $100,000 from each public entity defendant and $10,000 from each individual defendant in compensatory, treble, and punitive damages. [Id. at 6, 28.] Plaintiffs also seek attorney's fees.[5]

---

[4] Plaintiffs list twelve causes of action on the cover page, but include only nine of them in the FAC.

[5] It has long been established that "pro se civil rights litigants are not entitled to attorney's fees under 42 U.S.C. § 1988." *Ramirez v. Guinn*, 271 F. App'x 574, 576 (9th Cir. 2008). Therefore, Plaintiffs cannot obtain attorney's fees in this case unless they retain counsel to represent them.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:23-cv-01955-HDV-PD                      Date: April 12, 2024

Title     *Jeff Macy, et al. v. San Bernadino County Code Enforcement, et al.*

### III. Legal Standard

The Court is required to screen *pro se* complaints and dismiss claims that, amount other things, are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). Even when a plaintiff is not proceeding *in forma pauperis*, Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim sua sponte and without notice "where the claimant cannot possibly win relief." *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

In determining whether the FAC should be dismissed at screening, the Court applies the same standard as applied in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015). Under that standard, "a complaint must contain sufficient factual matter, accepted as true" and viewed in the light most favorable to the nonmoving party, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This does not require "detailed factual allegations," but it does require "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id*. The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Because Plaintiffs are proceeding *pro se*, the Court construes the FAC liberally. *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

### I. Discussion

#### A. Failure to Comply with Rule 8

Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:23-cv-01955-HDV-PD                                                  Date: April 12, 2024

Title        Jeff Macy, et al. v. San Bernadino County Code Enforcement, et al.

relief. Fed. R. Civ. P. 8(a). While Rule 8 does not require detailed factual allegations, at a minimum, a complaint must allege factual allegations to provide "fair notice" of both the particular claim being asserted and "the grounds upon which [the particular claim] rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted). If a complaint does not clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued, on which theory, and what relief is being sought against them, the complaint fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (a complaint must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *Exmundo v. Kane*, 553 Fed. App'x 742, 743 (9th Cir. 2014) (affirming district court dismissal of Section 1983 claims where plaintiff's allegations "were unclear as to the timing and nature of [the defendant's] actions").

     As an initial matter, it was not clear from the Complaint – and it is still not clear from the FAC – exactly where or when any of the events described therein occurred. The factual allegations in the FAC are disjointed, and it is difficult to ascertain what facts go to what claims and how some of the facts are relevant to any claim. It is similarly unclear which Defendant county entity certain individual Defendants work for. Further, while Plaintiffs seem to have had negative interactions with several different county entities or departments, it is unclear whether any of these interactions or events are even related to one another. Moreover, while Plaintiffs name Does 1-50 as Defendants, the FAC contains no concrete allegations against any Doe.

     As a result, as currently pled, the FAC consists of nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusations" that fails to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-01955-HDV-PD                                              Date: April 12, 2024

Title      *Jeff Macy, et al. v. San Bernadino County Code Enforcement, et al.*

support a claim under Section 1983 or any of the accompany state law claims. *Ashcroft*, 556 U.S. at 678; *see also Exmundo*, 553 F. App'x. at 743.

In order to comply with Rule 8, Plaintiffs must provide a short and plain statement of the elements of their claims, identifying the transaction or occurrence giving rise to the claim(s) and the elements of the prima facie case. *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). Moreover, each claim and the facts supporting each claim should be set forth in a separate count, because a separation "facilitates the clear presentation of the matters set forth." *Id.* at 841; Fed. R. Civ. P. 10(b).  This is important because, as it currently stands, Plaintiffs' allegations are disjointed and confusing and do not describe or their interactions with Defendants in a linear or clear way.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (stating that a complaint must give the defendant fair notice of what the plaintiff's claim is); *McHenry*, 84 F.3d at 1179 ("Prolix, confusing complaints … impose unfair burdens on litigants and judges").

Consequently, the FAC fails to comply with Rule 8 and Plaintiffs are ordered to show cause why the Court should not recommend dismissal of this action for failure to state actionable claims.  To discharge this Order, Plaintiffs will be permitted to file an amended complaint if they can cure the factual and legal deficiencies identified in this Order, following the Court's guidance below.

### B.     Plaintiffs' Claims

In order to streamline any potential amended complaint in this action, the Court will provide Plaintiffs with guidance as to the elements necessary to state actionable claims so that Plaintiffs may consider whether amendment of certain claims would be futile.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-01955-HDV-PD                                    Date: April 12, 2024

Title      *Jeff Macy, et al. v. San Bernadino County Code Enforcement, et al.*

### 1. Fourth Amendment, Fourteenth Amendment, and Monell Claims under Section 1983

"To prevail on a section 1983 claim based on the Fourth Amendment, a plaintiff must show that the state actor's conduct was an unreasonable search or seizure." *Mendez v. Cty. of Los Angeles*, 897 F.3d 1067, 1074-75 (9th Cir. 2018).  "A Fourth Amendment 'search' occurs when a government agent 'obtains information by physically intruding on a constitutionally protected area, or infringes upon a 'reasonable expectation of privacy.'" *Whalen v. McMullen*, 907 F.3d 1139, 1146 (9th Cir. 2018) (quoting *United States v. Jones*, 565 U.S. 400, 406 n.3, (2012); *Katz v. United States*, 389 U.S. 347, 360 (1967).  Thus, "[s]earches and seizures inside a home without a warrant are presumptively unreasonable. Because the curtilage is part of the home, searches and seizures in the curtilage without a warrant are also presumptively unreasonable." *United States v. Perea-Rey*, 680 F.3d 1179, 1184 (9th Cir. 2012).

Plaintiffs make vague allegations of an unreasonable search of their property and various incidents of trespass by several individual Defendants, who appear to work for either the San Bernadino County Code Enforcement or CSA-18.  However, the FAC is devoid of any concrete details of these interactions.  For example, Plaintiffs allege that Suzan Garrido, Philip Salazar, Glenn Jacklin, Rudy Guerrero, John Bradford, and Brandon Sorby are supervisors for CSA-18 and allowed their workers to trespass onto Plaintiffs' property.  [Dkt. No. 7 at 13.]  Yet, the FAC does not provide any dates, state whether these individuals entered Plaintiffs' home, curtilage, or just the perimeter of their property, conducted a search, or engaged in any other activity on Plaintiffs' property.

The FAC fails to sufficiently allege a fourth amendment violation against any Defendant.  If Plaintiffs can cure the factual and legal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:23-cv-01955-HDV-PD                                      Date: April 12, 2024

Title      _Jeff Macy, et al. v. San Bernadino County Code Enforcement, et al._

deficiencies outlined above, Plaintiffs are permitted to file an amended complaint alleging a Fourth Amendment claim. Plaintiffs are cautioned that they must plead a fourth amendment claim with sufficient particularity that it makes the timing and nature of the Defendant(s) actions clear. *Exmundo*, 553 F. App'x. at 743.

Plaintiffs also allege a Fourteenth Amendment claim under Section 1983. [*See* Dkt. No. 7 at 18.] However, the FAC contains no facts or allegations that would support either an equal protection or due process claim under the Fourteenth Amendment.

Plaintiffs also allege a *Monell* claim against Defendants San Bernadino County Code Enforcement, Fire Abatement, and CSA-18. [*See id*.]; *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). To bring a Section 1983 claim against a local government entity, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains. *Id*. The plaintiff must show: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (citations and internal quotation marks omitted).

The FAC does not identify any official policy or well-settled custom of the San Bernadino County Code Enforcement, Fire Abatement, or CSA-18 with respect to the employment, retention, supervision, training, control, assignment, discipline, and maintenance of procedures for their employees. Further, Plaintiffs do not allege any facts from which the Court plausibly may infer that their constitutional rights were denied pursuant to an official policy, custom, or practice of San Bernadino County Code Enforcement, Fire

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-01955-HDV-PD                                    Date: April 12, 2024

Title       Jeff Macy, et al. v. San Bernadino County Code Enforcement, et al.

Abatement, or CSA-18.  *See Ashcroft*, 556 U.S. at 678 (a pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."); *see also Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.").  Consequently, Plaintiffs' vague allegations, which are conclusory in nature and without factual support, are insufficient to state a *Monell* claim against any of the five Defendant county entities.

### 2.  State Law Claims

Plaintiffs additionally allege several claims under California law.  [*See* Dkt. No. 7 at 17-28.]  For the reasons discussed below, these claims also fail to comply with Rule 8, and amendment would likely be futile.

#### a)  State Law Criminal Claims

Plaintiffs assert Defendants violated several California Penal Code sections.  [*See* Dkt. No. 7 at 14-15.]  "Generally, criminal statutes do not confer private rights of action …." *Bailey v. Clarke*, 2012 WL 6720628, at *2 (S.D. Cal. Dec. 21, 2012) (citing *Stupy v. U.S. Postal Serv.*, 951 F.2d 1079, 1081 (9th Cir. 1991)).  Thus, Plaintiffs' allegations that Defendants violated state criminal statutes does not create a cognizable civil claim that they may pursue in this action.  *See Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th Cir. 1999) (affirming district court's dismissal of sixteen claims based on California Penal Code sections because "these code sections do not create enforceable individual rights"); *Sohal v. City of Merced Police Dep't*, 2009 WL 961465 at *7 (E.D. Cal. Apr. 8, 2009) ("This court and courts of this circuit routinely dismiss claims based on violation of state criminal statutes where the language of the statute does not confer a private right of action."); *Bonty v. Escutia,* 2007 WL 3096587, at *3 (E.D. Cal. Oct. 22, 2007) (citing *Chrysler*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-01955-HDV-PD                              Date: April 12, 2024

Title      Jeff Macy, et al. v. San Bernadino County Code Enforcement, et al.

*Corp.* in holding that a plaintiff may not impose liability on defendants for violation of penal code sections).

    Absent a clear indication from Congress, courts should not infer a civil cause of action from a criminal statute.  *See Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) (Supreme Court rarely implies a private right of action under a criminal statute, and never unless there is a statutory basis for inferring that a civil cause of action lies in favor of someone); *California v. Sierra Club*, 451 U.S. 287, 297 (1981).  Moreover, it is "well settled that a private citizen may not use the courts as a means of forcing a criminal prosecution."  *Johnson v. Wennes*, 2009 WL 1228500, at *4 (S.D. Cal. May 5, 2009) (citing *U.S. v. Nixon*, 418 U.S. 683, 694 (1974)).  As a private citizen, Plaintiff lacks "a judicially cognizable interest in the prosecution or nonprosecution" of Defendants under these statutes.  *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

    As such, Plaintiffs' claims based on state criminal laws are not cognizable and any amendment would be futile.

    **b)     Bane Act Claim**

    Plaintiffs also allege a claim under the Bane Act against all Defendants.  [*See* Dkt. No. 7 at 25.]  California's Bane Act provides a cause of action for individuals whose federal or state constitutional rights have been interfered with by threats, intimidation, or coercion.  Cal. Civ. Code § 52.1(b); *see also Johnson v. Shasta Cnty.*, 83 F. Supp 3d 918, 934 (E.D. Cal. 2015).  Plaintiffs state that Defendants "intentionally interfered with Plaintiffs' civil rights by threats, intimidation, or coercion in that Defendants acted violently against Plaintiffs Jeff Macy and Lynn Macy from exercising their right to unreasonable search by trespassing into their home." [Dkt. No. 7 at 25.]  However, Plaintiffs do not actually allege anywhere in the FAC that any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:23-cv-01955-HDV-PD                                    Date: April 12, 2024

Title      Jeff Macy, et al. v. San Bernadino County Code Enforcement, et al.

individual Defendant entered their home. Similarly, the FAC does not describe any verbal or physical threats made by a Defendant. While the FAC implies that some of the Defendants' actions could be perceived as intimidating and an interference with their property rights – as currently pled – these allegations are too conclusory to state a plausible claim for relief under the Bane Act.

### c)      Intentional Infliction of Emotional Distress

Plaintiffs further allege that Defendants actions caused them serious emotional distress and the actions were intentional, extreme, and outrageous. [Dkt. No. 7 at 24.] Under California law, "the elements of a prima facie case of intentional infliction of emotional distress are '(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.'" *Corales v. Bennett*, 567 F.3d 554, 571 (9th Cir. 2009) (quoting *Tekle v. United States*, 511 F.3d 839, 855 (9th Cir. 2007)).

The FAC does not contain any allegations of extreme or outrageous conduct. As discussed above, the FAC alleges what appears to be a series of separate incidents in which Plaintiffs received citations or notices from various county entities. These events on occasion resulted in Plaintiffs having to pay monetary fines, and also appear to have in increased their property taxes. While Plaintiffs may be upset, frustrated, or displeased by these events, none of the Defendant's alleged conduct "exceeded the bounds of what is generally tolerated in a civilized society." *Braunling v. Countrywide Home Loans Inc.*, 220 F.3d 1154, 1158 (9th Cir. 2000). Accordingly, Plaintiffs have not plausibly stated an intentional infliction of emotional distress claim under California law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-01955-HDV-PD                                   Date: April 12, 2024

Title      *Jeff Macy, et al. v. San Bernadino County Code Enforcement, et al.*

### d)  Public Records Act Request Claim

Plaintiffs also allege that Defendants failed to conduct their public records act requests. [Dkt. No. 7 at 27.] There is a difference of opinion among district courts in this circuit as to whether a plaintiff may bring a California Public Records Act ("CPRA") claim in federal court. *Compare Prevedello v. Cnty. Of Los Angeles*, 2024 WL 113750, at *4 (C.D. Cal. Jan. 8, 2024) (exercising supplemental jurisdiction over a CPRA claim where it found it was sufficiently related to the plaintiff's federal claims); *Brooks v. Vallejo City Unified School Dist.*, 2013 WL 943460, at *4 (E.D. Cal. Mar. 11, 2013) ("The exclusive remedy for challenges under the CPRA is to file a writ of mandamus in state court and money damages are not an available remedy.").

The FAC states that Defendants San Bernadino County Code Enforcement, CSA-18, Fire Abatement, Waste Management, San Bernadino County Public Records, Jennifer Bonnar, Lauren Zazueta, Jessica Hemsley, Aldair Jimenez, and Pam Adams have not responded to Plaintiffs' public records act requests. Plaintiffs do not provide any further details such as when these public records act requests were made, what they were for, what response of any they received from Defendants, *inter alia*.

Since Plaintiffs have failed to state a cognizable federal claim at this stage in the litigation, the Court does not have jurisdiction over any potential CPRA claim at this time. If Plaintiffs intend to pursue a CPRA claim in this action, they must plead it with sufficient particularity to provide "fair notice" of "the grounds upon which [the CPRA claim] rests." *Bell Atlantic Corp.*, 550 U.S. at 555 & n.3.

### e)  Forced Demolition Permit Claim

Plaintiffs allege that Defendant San Bernadino County Code Enforcement forced Plaintiffs to get a demolition permit "for a house that was already demolished costing $266." [Dkt. No. 7 at 25-26.] Plaintiffs go on to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:23-cv-01955-HDV-PD                                    Date: April 12, 2024

Title     *Jeff Macy, et al. v. San Bernadino County Code Enforcement, et al.*

state "Defendants County told Plaintiffs they had to get another demolition permit for a building that was demolished before Plaintiffs could buy the property, trying to extort more money." Id. Consequently, Plaintiffs assert their fourth amendment rights were violated.

Plaintiffs' legal theory that the above listed actions result in a violation their fourth amendment rights is unclear and conclusory. As such, Plaintiffs do not sufficiently allege facts that would give rise to a constitutional violation based on "forced demolition permit."

### f)     Excessive Fines

Last, Plaintiffs allege that "Defendants have been excessively giving fines for trash in front of trash cans, leaves on the roof, yard, and firewood." [Id. at 28.] Again, Plaintiffs' legal theory as to how these actions violated their constitutional rights – or even which rights they believe were violated – is unclear.

For these reasons, the FAC is subject to dismissal.

## II.    Order

For the foregoing reasons, Plaintiffs are **ORDERED TO SHOW CAUSE** why the Court should not recommend that the FAC be dismissed for failure to state actionable claims. *See* 28 U.S.C. § 1915(e)(2)(B). To discharge and satisfy this order, Plaintiffs can either:

(1)    File a second amended complaint ("SAC"), which would entirely supersede the FAC, if they can cure the factual and legal deficiencies outlined in this Order. Plaintiffs are advised that a SAC would entirely replace the FAC in this action. Any amended complaint must:

(a) be labeled "Second Amended Complaint";

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:23-cv-01955-HDV-PD                              Date: April 12, 2024

Title     *Jeff Macy, et al. v. San Bernadino County Code Enforcement, et al.*

(b) be complete in and of itself and not refer in any manner to prior complaints, i.e., it must include all of the claims on which Plaintiff seeks to proceed, Local Rule 15-2;

(c) contain a "short plain" statement of the claim(s) for relief, *see* Fed. R. Civ. P. 8(a);

(d) make each allegation "simple, concise and direct," Fed. R. Civ. P. 8(d)(1);

(e) make allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b);

(f) set forth clearly the sequence of events (including specific relevant dates) which allegedly gives rise to the claim(s) for relief, including what each defendant did and how each specific defendant's conduct injured each specific plaintiff; and

(g) not add defendants or claims without leave of court.

or

(2)   Voluntarily dismiss the action—without prejudice to refiling later if justified—using the attached form CV-09.

Plaintiffs must do ones of these things by no later than **May 6, 2024**. If, given the contents of this Order, Plaintiffs elect not to proceed in this action, they may expedite matters by signing and returning the **attached Notice of Dismissal by May 6, 2024,** which will result in the voluntary dismissal of this action without prejudice.

**Plaintiffs are cautioned that, absent further order of the Court, their failure to timely file a second amended complaint or Notice of Dismissal may result in the dismissal of this action with or without prejudice on the grounds above or for failure to diligently prosecute.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No. 5:23-cv-01955-HDV-PD                                   Date: April 12, 2024

Title     *Jeff Macy, et al. v. San Bernadino County Code Enforcement, et al.*

**Finally, the Clerk is directed to provide a Central District of California Civil Rights Complaint Form, CV-66, to Plaintiffs to facilitate their filing of an amended complaint if they elect to proceed in that fashion.**

**Attachments**:
--Notice of Voluntary Dismissal (CV-09)
--Civil Rights Complaint Form (CV-66)

:
iv