UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF MACY, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SAN BERNARDINO COUNTY CODE ENFORCEMENT, et al.,<br><br>　　　　　Defendants. | Case No. 5:23-cv-01955-HDV-PD<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

　　This Report and Recommendation is submitted to the Honorable Hernán D. Vera, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

　　On April 20, 2024, Plaintiffs Jeff Macy and Lynn Macy ("Plaintiffs"), proceeding pro se, filed the Second Amended Civil Rights Complaint ("SAC") against Defendant San Bernardino County Code Enforcement ("Defendant"). [Dkt. No. 11 at 7.[1]] For the reasons set forth below, it is recommended that

---

[1] The Court uses the page numbers placed on the document by the electronic docketing system.

the SAC be dismissed without leave to amend for failure to state actionable claims.

## I. Pertinent Procedural History

On September 25, 2023, Plaintiffs filed the Complaint pursuant to 42 U.S.C. § 1983 and eight other causes of action. [Dkt. No. 1 at 1, 7–18.] Plaintiffs alleged that certain public entities and public employees acting in their individual and/or official capacities violated laws and harmed Plaintiffs. [*Id.* at 5–7.]

On December 19, 2023, the Court screened the Complaint and ordered Plaintiffs to show cause why the Court should not recommend that the Complaint be dismissed for failure to state actionable claims. [Dkt. No. 6 at 5.] The Court found that Plaintiffs did not comply with Federal Rule of Civil Procedure 8 ("Rule 8") because it was "not clear from the Complaint where or when any of the events described occurred," "whether the portion of the road at issue is Plaintiffs' private property or a public road," what was "the particular conduct of any of the 43 individual named Defendants," or "how any of the named individual Defendants personally deprived Plaintiffs of their constitutional rights." [*Id.* at 3–4.]

On December 28, 2023, Plaintiffs filed the First Amended Complaint ("FAC") in which they added a limited number of allegations about certain individual defendants. [*Compare* Dkt. Nos. 1 at ¶¶ 12–13, 15 *with* 7 at ¶¶ 12–13, 15–21.] The causes of action did not change from the Complaint to the FAC. [*Compare* Dkt. Nos. 1 at 7–18 *with* 7 at 17–28.]

On April 12, 2024, the Court screened the FAC and ordered Plaintiffs to show cause why the Court should not recommend that the FAC be dismissed for failure to state actionable claims. [Dkt. No. 10 at 15.] The Court found that Plaintiffs again did not comply with Rule 8, as it was not clear "exactly where or when any of the events described therein occurred," "[t]he factual

allegations in the FAC are disjointed," "it is difficult to ascertain what facts go to what claims and how some of the facts are relevant to any claim," "[i]t is similarly unclear which Defendant county entity certain individual Defendants work for," and "it is unclear whether any of these interactions or events are even related to one another." [Dkt. No. 10 at 6–8.] The Court also gave Plaintiffs specific guidance as to the pertinent missing details in their various federal and state law claims "so that Plaintiffs may consider whether amendment of certain claims would be futile." [*Id.* at 8–15.]

On April 20, 2024, Plaintiffs filed the SAC.[2] [Dkt. No. 11.]

## II.   Legal Standard

"A pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

"A trial court may dismiss a claim sua sponte [on its own motion] under Fed. R. Civ. P. 12(b)(6)." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). "Such a dismissal may be made without notice where the claimant cannot possibly win relief." *Id.*; *see Wong v. Bell*, 642 F.2d 359, 362 (9th Cir. 1981); *see also Reed v. Lieurance*, 863 F.3d 1196, 1207–08 (9th Cir. 2017).

In determining whether a complaint should be dismissed at screening, the Court applies the same standard as that in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Rosati v. Igbinoso,* 791 F.3d 1037, 1039 (9th Cir. 2015). Under that standard, "a complaint must contain sufficient factual matter, accepted as true" and viewed in the light most

---

[2] Although Plaintiffs sued over 40 defendants in both the Complaint and the FAC, they name only San Bernardino County Code Enforcement in the SAC.

3

favorable to the nonmoving party, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). This does not require "detailed factual allegations," but it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001), *as amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001).

## III. Discussion

### A. The SAC Fails To Comply With Rule 8

Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement of the claim, showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). While Rule 8 does not require detailed factual allegations, at minimum, a complaint must allege factual allegations to provide "fair notice" of both the particular claim being asserted and "the grounds upon which [the particular claim] rests." *Bell Atl. Corp.*, 550 U.S. at 555. If a complaint does not clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued, on which theory, and what relief is being sought against them, the complaint fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (a complaint must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *Exmundo v. Kane*, 553 Fed. App'x 742, 743 (9th Cir. 2014) (affirming district court dismissal of Section 1983 claims where plaintiff's allegations "where unclear as to the timing and nature of [the defendant's] actions").

Plaintiffs did not plead any substantively new allegations in the SAC. [*Compare* Dkt. Nos. 7 at ¶¶ 3–10, 12–21 *with* 11 at ¶¶ 3–5, 7–10.] In addition,

Plaintiffs did not change the causes of actions from the FAC to the SAC. [*Compare* Dkt. Nos. 7 at 17–28 *with* 11 at 9–16.] Rather, the only substantive changes Plaintiff made to the SAC are that Plaintiffs now exclude every individual defendant and almost every allegation that previously focused on those defendants. [*Compare* Dkt. Nos. 7 at ¶¶ 3–10, 12–21 *with* 11 at ¶¶ 3–5, 7–10.] In other words, Plaintiffs shortened the SAC instead of amending it or otherwise addressing the issues previously identified by the Court. [Dkt. Nos. 6 at 3–5; 10 at 6–15.]

Plaintiffs did not previously comply with Rule 8, and the SAC still does not comply with Rule 8. It remains unclear exactly where or when any of the events described in the SAC occurred, what facts go to what claims, how some facts are relevant to any claim, and whether any of the interactions or events are related to one another. If anything, the SAC is even more vague and unclear than the FAC because Plaintiffs deleted almost every allegation regarding the individual defendants. Without allegations about which individuals did which acts, the pleading has only become vaguer and more unclear, not less so.

Accordingly, the Court recommends dismissal of the SAC for continued failure to comply with Rule 8.

### B. Further Leave to Amend Would be Futile and Unwarranted

"A complaint should not be dismissed without leave to amend unless amendment would be futile." *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014); Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.")

The Order to Show Cause issued on December 19, 2023, explained in detail why the Complaint was subject to dismissal and what Plaintiffs could do to cure the deficiencies noted. [Dkt. No. 6 at 3–6.] The Court gave

5

Plaintiffs until January 12, 2024 to either amend the pleading or voluntarily dismiss the action. [*Id.* at 5–6.] On December 28, 2023, Plaintiffs filed the FAC. [Dkt. No. 7 at 1.]

The Court screened the FAC on April 12, 2024, explaining in greater length why the FAC was subject to dismissal and what Plaintiffs could do to cure the deficiencies noted. [Dkt. No. 10 at 6–16.] The Court gave Plaintiffs until May 6, 2024 to either amend the pleading or voluntarily dismiss the action. [*Id.* at 15–16.] Plaintiffs filed their SAC on April 20, 2024, without making any additional substantive allegations or correcting the deficiencies in the FAC. [Dkt. No. 11 at 1.]

The Court granted leave to amend twice. In both instances, Plaintiffs did not correct the deficiencies noted by the Court, despite ample time to do so. Further, after the second grant of leave to amend, Plaintiffs chose not to make any additional substantive allegations. Further leave to amend would be futile.

## IV. Recommendation

For these reasons, it is recommended that the District Judge issue an Order: (1) accepting this Report and Recommendation; and (2) directing that the Second Amended Complaint be dismissed without leave to amend and judgment be entered dismissing this action with prejudice.

DATED: November 05, 2024

_Patricia Donahue_
PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE

6

| | |
|---|---|
| 1 | **NOTICE** |
| 2 | Reports and Recommendations are not appealable to the Court of |
| 3 | Appeals.  They are subject to the right of any party to file Objections as |
| 4 | provided in the Local Rules Governing Duties of Magistrate Judges and to |
| 5 | review by the District Judge whose initials appear in the docket number.  No |
| 6 | Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should |
| 7 | be filed until entry of the Judgment of the District Court. |