Jeff Macy & Lynn Macy P.O.A. "In Pro Per"
P.O. Box #103
Twin Peaks, Ca. 92391
Telephone: (909) 744-8480
Email: macybuilders@yahoo.com
PLAINTIFFS IN PRO PER

THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA EASTERN DIVISION

| | |
|---|---|
| JEFF MACY, LYNN MACY<br><br>Plaintiffs,<br><br>vs.<br><br>SAN BERNARDINO COUNTY CODE ENFORCEMENT,<br><br>Defendant. | Case No.: 5:23-cv-01955-HDV-PD<br><br>**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT & RECOMMENDATION** |

FILED
CLERK, U.S. DISTRICT COURT
11/13/2024
CENTRAL DISTRICT OF CALIFORNIA
BY ___AP___ DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

Pursuant to 28 U.S.C. § 636(b)(1) & Rule 4(b) of Appendix C to the Local Rules, Plaintiff Jeff Macy & Lynn Macy respectfully makes the following objections to the Report & Recommendation entered in this matter on November 5, 2024. For the reasons stated below, the Report should not be followed, & this case should not be dismissed.

Defendants San Bernardino County Code Enforcement are violating civil rights; supervisors are not holding employees accountable. There is nothing stopping supervisors from harming people. Plaintiffs are pro se litigants, not lawyers, trying to sue with proper dates & codes of violations.

Defendants Elderly Abuse Plaintiff Lynn Macy 84-year-old elderly woman by giving constant notices, trespassing onto Plaintiff's property, & constantly reporting trash in front of Plaintiff's trash cans or leaves on Plaintiff's roof to harass Plaintiffs. Defendants San Bernardino County is taking advantage of elderly Plaintiff Lynn Macy. Defendant Code Enforcement Officers have already trespassed into Plaintiffs home twice & forced Plaintiffs to get a permit for a preexisting structure in Plaintiff's home to raise Plaintiff's property taxes

unjustly on 8/14/2012, notice of violation #C201202184. For 18 years Plaintiffs have been getting unfounded Code violation notices. California Penal Code § 368 PC defines elder abuse as the physical or emotional abuse, neglect, or financial exploitation of a victim 65 years of age or older. Plaintiffs also have report #'s for most incidents: TPR2200512, TPR2101862, TPR2101994, TPR2200594, TPR2201407, TPR2101443, TPR2200032, & TPR2201014.

 Defendants Code Enforcement is against Cal Fire's pretense laws & has given Plaintiffs multiple notices to move wood 30 feet away from all structures, despite there being a fire-resistant tarp covering the wood. Cal Fire's notice of defensible space inspection states in Zone 1 section G. to relocate exposed wood piles outside of Zone 1 unless completely covered in a fire-resistant material, pursuant to 14 CCR § 1299.03(a)(3). Cal. Code Regs. Tit. 14, § 1299.03 – Requirements (a)(3) Relocate exposed firewood piles outside of Zone 1 unless they are completely covered in a fire-resistant material. Zone 1 being within 30 feet of a structure. Defendants Code Enforcement is going against Cal Fire which supersedes Defendants Code Enforcement since it is a state agency while Defendant Code Enforcement is only county. San Bernardino County Department of Risk Management has continuously rejected Plaintiff's claims, just like on March 24, 2023; illegally giving Plaintiff's a notice for firewood & misquoted the law regarding firewood.

 Defendant San Bernardino County Code Enforcement Officer rung Plaintiff's doorbell, wearing an officer uniform with a badge, & told Plaintiff's son/grandson Josiah Macy that nothing was wrong, but Defendant still left a yellow notice on Plaintiff's door anyways. Defendant parked & blocked Plaintiff's private road. Defendant did it to intimate & bully Plaintiffs. Ticket #: CSE-2022-11086

There's an important legal principle that says "ignorance of the law is no excuse." You can't defend your actions by arguing you didn't know they were illegal, even if you honestly did not realize you were breaking the law.

## LEGAL STANDARD

This Court's review is de novo. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

## BACKGROUND

### A. UNREASONABLE SEARCH

Constitution of the United States: Fourth Amendment: "The right of the people to be secure in their persons, houses, papers, & effects, against unreasonable searches & seizures, shall not be violated, & no Warrants shall issue, but upon probably cause, supported by Oath or affirmation, & particularly describing the place to be searched, & the persons or things to be seized."

As a result of the conduct of San Bernardino County Code Enforcement Officers, Defendants are liable because Defendants were integral participants in the wrongful entry & inspection or because they failed to intervene to prevent these violations against Plaintiffs. Defendants did not have a warrant to enter or unreasonably search Plaintiffs home.

Defendants San Bernardino Code Enforcement Officers trespassed into Plaintiffs home twice without a warrant & with threat of bringing Sheriffs to force Plaintiffs to allow Defendants into Plaintiff's home. Defendants invaded Plaintiff's home to inspect & then forced Plaintiffs to get a permit for a

preexisting structure inside Plaintiff's home, unjustly raising Plaintiff's property taxes starting 8/14/2012.

### B. MUNICIPAL & SUPERVISORY LIABILITY (42. U.S.C. § 1983)

Supervisors are liable if constitutional violations take place in their presence & they either directly or authorized the actions which led to the violations. Fundiller v. City of Cooper City, 777 F.2d 1436 (11th Cir. 1985).

On & for some time prior to 2021(& continuing to the present date) Defendants San Bernardino County Code Enforcement deprived Plaintiffs Jeff Macy & Lynn Macy of the rights & liberties secured to them by the 4th & 14th Amendments to the United States Constitution, in that said Defendants & their supervising & managerial employees, agents, & representatives acting with gross negligence & with reckless & deliberate indifference to the safety, rights, & liberties of the public in general & of Plaintiffs Jeff Macy & Lynn Macy, & of persons in their class, situation & comparable position, in particular, knowingly maintained, enforced & applied an official recognized custom, policy, & practice of:

(a) Employing & retaining as county officials & other personnel, including San Bernardino County Code Enforcement at all times material herein knew or reasonably should have known had propensities for abusing their authority & for mistreating citizens by failing to follow their County Policies;

(b) Inadequately supervising, training, controlling, assigning & disciplining San Bernardino County Code Enforcement officers & other personnel, including San Bernardino County Code Enforcement each knew or in the exercise of reasonable care

should have known the aforementioned propensities & character traits;

(c) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, controlling & disciplining the intentional conduct by San Bernardino County Code Enforcement officers & other personnel.

(d) Failing to adequately train Code Enforcement officers including Defendants San Bernardino County Code Enforcement & failing to institute appropriate policies regarding constitutional procedures & practices;

(e) Having & maintaining an unconstitutional policy, customs, procedures of using excessive trespassing which is also demonstrated by inadequate training regarding these subjects.

Defendants San Bernardino County Code Enforcement had either actual or constructive knowledge of the deficient policies, practices, & customs alleged in the paragraphs above. Despite having knowledge as stated above these Defendants condone, tolerated, & through actions & inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects & consequences of these policies with respect to the constitutional rights of Plaintiffs Jeff Macy & Lynn Macy & other individuals similarly situated.

By perpetrating, sanctioning, tolerating & ratifying the outrageous conduct & wrongful acts, Defendants San Bernardino County Code Enforcement acted with intentional, reckless, & callous disregard for the safety & constitutional rights of Plaintiffs Jeff Macy & Lynn Macy. Defendants San Bernardino County Code Enforcement actions were willful, wanton, oppressive, malicious,

fraudulent, extremely offensive, & unconscionable to any reasonable person of normal sensibilities.

By reason of the aforementioned policies & practices of Defendants San Bernardino County Code Enforcement acted with intentional, reckless & callous disregard for the safety & constitutional rights of Plaintiffs Jeff Macy & Lynn Macy. Defendants San Bernardino County Code Enforcement caused Plaintiffs Jeff Macy & Lynn Macy incurred damages in the form of psychological & emotional injuries, including, without limitation, pain & suffering, sleep deprivation, humiliation, all of which are continuing & damaging to reputation. Plaintiff's actual damages will be ascertained at trial.

The policies, practices, & customs implemented & maintained & still tolerated by Defendants San Bernardino County Code Enforcement acted with intentional, reckless & callous disregard for the safety & constitutional rights of Jeff Macy & Lynn Macy. Defendants San Bernardino County Code Enforcement were affirmatively linked to & were significantly influential forces of Plaintiffs Jeff Macy & Lynn Macy.

### C. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Intentional Infliction of Emotional Distress (IIED) is a tort (civil wrong) that occurs when one person acts intentionally or recklessly, causing another person to suffer severe emotional distress.

Defendants entered into Plaintiff's home without a warrant which caused Plaintiffs a great deal of emotional distress. Such actions were done with intent to cause serious emotional distress & were done with reckless disregard of the probability of causing Plaintiffs serious emotional distress.

As a proximate result of the Defendants actions Plaintiffs Jeff Macy & Lynn Macy incurred damages in the form of psychological & emotional injuries,

including, without limitation, pain & suffering, sleep deprivation, humiliation, all of which are continuing & damaging to reputation. Plaintiff's actual damages will be ascertained at trial.

The conduct of the Defendants was despicable, malicious, wanton, oppressive & accomplished with a conscious disregard for Plaintiffs Jeff Macy & Lynn Macy's rights. Defendants only goal against Plaintiffs were for monetary gain.

### D. VIOLATION OF BANE ACT (CAL. CIV. CODE § 52.1)

Defendant intentionally interfered with Plaintiff's civil rights by threats, intimidation, or coercion in that Defendants acted violently against Plaintiffs Jeff Macy & Lynn Macy from exercising their right to unreasonable search of Defendant San Bernardino County Code Enforcement Officers trespassing into Plaintiff's home.

Defendants invaded & entered Plaintiffs private home without a warrant. Jones v. Kmart Corp. (1998): The California Supreme Court explained that the Bane Act requires an attempted or completed act of interference with a legal right, accompanied by a form of coercion.

### E. FORCED DEMOLITION PERMIT

Defendant's San Bernardino County Code Enforcement forced Plaintiffs to get a demolition permit. In California, a forced demolition permit is typically issued when a building is deemed unsafe or hazardous by local authorities, & its demolition is necessary to protect public health & safety.

At Plaintiffs property APN# 0342-031-01 a demolition permit was required for a house that was already demolished costing $266. Defendants San Bernardino County told Plaintiffs they had to get an additional demolition permit for a

PAGE 7

building that was demolished before Plaintiffs could buy the property, trying to extort more money from Plaintiffs. Under the Fourth Amendment the U.S. Constitution grants the right to be free from Unreasonable Searches & Seizures. The Defendants Code Enforcement Officers were informed that they were walking on Plaintiffs private property. Defendants San Bernardino County Code Enforcement Officers did not have a search warrant to enter Plaintiffs private property.

18 U.S. Code § 872: Extortion by officers or employees of the United States. Whoever, being an officer or employee of the United States, under or by reason of such office or employment, demands or receives, either personally or by means of another, any money or other thing of value, shall be fined under this title or imprisoned not more than three years, or both.

### F.  FORCED ADDRESS

Defendant's San Bernardino County Code Enforcement forced Plaintiffs to pay for an address or the Defendants would not remove the notice from the building & safety department division. Plaintiffs were also not allowed to customize the address. Plaintiffs were forced to pay for something they did not want.

18 U.S. Code § 872: Extortion by officers or employees of the United States. Whoever, being an officer or employee of the United States, under or by reason of such office or employment, demands or receives, either personally or by means of another, any money or other thing of value, shall be fined under this title or imprisoned not more than three years, or both.

### G. TRESPASSING WITHOUT WARRANT

18 U.S. Code § 1752 - Restricted building or grounds: This section makes it a crime to knowingly enter or remain in any restricted building or grounds without lawful authority to do so.

Defendants interfered with Plaintiff's civil rights by intimidation or coercion in that Defendant acted violently against Plaintiffs Jeff Macy & Lynn Macy from exercising Plaintiff's right to unreasonable search from Defendants trespassing onto Plaintiff's property without warrant for potential well.

### H. FAILURE TO DO PUBLIC RECORD'S REQUESTS

Federal agencies are required to maintain adequate & proper documentation of their activities, as outlined in 36 CFR 1220.14.

Defendants failed to fulfill public records requests from Plaintiffs for what regulations Defendants have & who made the regulations; for Defendants to not follow the laws.

California Public Records Act Information (CPRA) The Act provides for two types of access. One is a right to inspect public records: "Public records are open to inspection at all times during the office hours of the state or local agency & every person has a right to inspect any public record, except as hereafter provided."

### I. EXCESSIVE FINES

18 U.S. Code § 3571 & 18 U.S. Code § 3572 Defendants have been excessively giving fines for trash in front of Plaintiff's trash cans, leaves on the roof, yard, & firewood. Defendants violated the law because Defendants drove up a private & trespassed onto Plaintiff's property to take pictures & give such fines to Plaintiffs.

Defendants San Bernardino County Code Enforcement also had a hearing with Plaintiffs & about one of the fines given to Plaintiffs & Plaintiffs won the hearing on appeal.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests this Court to dismiss Magistrate Judge's Report & Recommendation. Plaintiff requests to make a Third Amended Complaint.

By Plaintiff: *Jeff Macy*

Jeff Macy

By Plaintiff: *Lynn Macy*

Lynn Macy

Date: 11/13/2024