JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF MACY, et al., | Case No. 5:23-cv-01955-HDV (PD) |
| Plaintiffs, | **ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |
| v. | |
| SAN BERNARDINO COUNTY CODE ENFORCEMENT, et al., | |
| Defendants. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaints, the records on file, and the Report and Recommendation ("Report") of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

The Report recommends the denial of the Second Amended Complaint for failure to state a claim on which relief may be granted and dismissal of this action with prejudice. (ECF No. 13.) Plaintiffs' objections to the Report (ECF No. 14) do not warrant a change to the Magistrate Judge's findings or recommendations. The objections are duplicative of Plaintiffs' earlier Complaints, which the Magistrate Judge reasonably found had failed to state a claim.

1    Plaintiffs object that Defendants are "giving constant notices, trespassing

2    onto Plaintiff's property, & constantly reporting trash in front of Plaintiff's trash

3    cans or leaves on Plaintiff's roof to harass Plaintiffs." (ECF No. 14 at 1.) This

4    allegation fails to state a claim because "Plaintiffs' legal theory as to how these

5    actions violated their constitutional rights – or even which rights they believe were

6    violated – is unclear." (ECF No. 10 at 15.)

7    Plaintiffs object that they were forced "to get a permit for a preexisting

8    structure in Plaintiff's home to raise Plaintiff's property taxes unjustly." (ECF No.

9    14 at 1-2.) This allegation, which Plaintiffs characterized as an unreasonable search

10   (ECF No. 7 at 17-18; ECF No. 11 at 9), fails to state a claim because it is "vague"

11   and "devoid of any concrete details of these interactions." (ECF No 10 at 9.)

12   Plaintiffs object that they have received several code violations, which

13   allegedly is a form of emotional abuse. (ECF No. 14 at 2.) This allegation fails

14   to state a claim because Plaintiffs do not describe extreme or outrageous conduct.

15   (ECF No. 10 at 13.)

16   Plaintiffs object that Defendant has misquoted the law regarding the need to

17   cover firewood. (ECF No. 14 at 2.) This allegation fails to state a claim because

18   "Plaintiffs' legal theory as to how these actions violated their constitutional rights –

19   or even which rights they believe were violated – is unclear." (ECF No. 10 at 15.)

20   Plaintiffs object that Defendant rang their doorbell, left a notice on Plaintiffs'

21   door, and parked on Plaintiffs' private road. (ECF No. 14 at 2.) This allegation

22   also fails to state a claim because it is unclear what federal right was violated.

23   Plaintiffs object that Defendant trespassed into Plaintiffs' home twice

24   without a warrant. (ECF No. 14 at 3.) This allegation fails to state a claim because

25   it is "vague" and "devoid of any concrete details of these interactions." (ECF No.

26   10 at 9.)

27   Plaintiffs object that Defendant violated Plaintiffs' rights under a theory of

28   municipal and supervisory liability. (ECF No. 14 at 4-6.) This allegation fails to

state a claim because Plaintiffs did not "identify any official policy or well-settled custom of the San Bernardino County Code Enforcement . . . with respect to the employment, retention, supervision, training, control, assignment, discipline, and maintenance of procedures for their employees.  Further, Plaintiffs do not allege any facts from which the Court plausibly  may infer that their constitutional rights were denied pursuant to an official policy, custom, or practice[.]"  (ECF No. 10 at 10.)

Plaintiffs object that Defendant is liable for intentional infliction of emotional distress, based on a warrantless entry into Plaintiffs' home.  (ECF No. 14 at 6-7.) This allegation fails to state a claim because Plaintiffs do not allege "extreme or outrageous conduct."  (ECF No. 10 at 13.)  The allegation about the warrantless entry also is "vague" and "devoid of any concrete details of these interactions."  (*Id.* at 9.)

Plaintiffs object that Defendant violated the Bane Act by intentionally interfering with Plaintiffs' civil rights by threats, intimidation, or coercion.  (ECF No. 14 at 7.)  This allegation fails to state a claim because it is "too conclusory to state a plausible claim for relief under the Bane Act."  (ECF No. 10 at 13.)

Plaintiffs object that Defendant "forced Plaintiff to get a demolition permit" in violation of their Fourth Amendment rights.  (ECF No. 14 at 7-8.)  This allegation fails to state a claim because "Plaintiffs' legal theory that the . . . actions result in a violation of their fourth amendments rights is unclear and conclusory." (ECF No. 10 at 15.)  Although Plaintiffs suggest that Defendant committed extortion (ECF No. 14 at 8), Plaintiffs have no private cause of action for alleged criminal violations.  *See Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994).

Plaintiffs object that Defendant "forced Plaintiffs to pay for an address or the Defendants would not remove the notice from the building & safety department division."  (ECF No. 14 at 8.)  This allegation fails to state a claim because

"Plaintiffs' legal theory as to how these actions violated their constitutional rights – or even which rights they believe were violated – is unclear." (ECF No. 10 at 15.)

Plaintiffs object that Defendant trespassed without a warrant. (ECF No.1 4 at 9.) This allegation fails to state a claim because it is "vague" and "devoid of any concrete details of these interactions." (ECF No 10 at 9.) Although Plaintiffs again suggest that Defendant committed a crime (ECF No. 14 at 9), Plaintiffs have no private cause of action for alleged criminal violations. *See Central Bank of Denver, N.A.*, 511 U.S. at 190.

Plaintiffs object that Defendant failed to comply with public records requests. (ECF No. 14 at 9.) This allegation fails to state a claim because Plaintiffs "do not provide any further details such as when these public records act requests were made, what they were for, or what response [if] any they received from Defendant[]." (ECF No. 10 at 14.)

Plaintiffs object that Defendant has imposed excessive fines for trash. (ECF No. 14 at 9.) This allegation fails to state a claim because "Plaintiffs' legal theory as to how these actions violated their constitutional rights – or even which rights they believe were violated – is unclear." (ECF No. 10 at 15.) Although Plaintiffs again suggest that Defendant is criminally liable (ECF No. 14 at 9), Plaintiffs have no private cause of action for alleged criminal violations. *See Central Bank of Denver, N.A.*, 511 U.S. at 190.

Finally, Plaintiffs object that they should be allowed to file a Third Amended Complaint. (ECF No. 14 at 10.) Plaintiffs already have been granted two opportunities to amend. "The fact that [Plaintiff] failed to correct these deficiencies in its Second Amended Complaint is a strong indication that the plaintiffs have no additional facts to plead." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). Thus, leave to file a Third Amended Complaint is denied as futile.

In sum, the objections are overruled.

1    IT IS ORDERED that (1) the Report and Recommendation is accepted; and

2  (2) Judgment shall be entered dismissing the Second Amended Complaint and

3  dismissing this action with prejudice.

4

5  DATED:  11/27/24

6

7  _____

8  HERNÁN  D. VERA
   UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28